409 A.2d 41

**COMMONWEALTH of Pennsylvania**

v.

**Marvin MIDDLETON, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed Aug. 17, 1979.

18

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, HESTER and HOFFMAN, JJ.

**HESTER, Judge:**

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County. Appellant was found guilty of Conspiracy and Robbery and sentenced to two years nonreporting probation on each count.

Appellant initially challenges the sufficiency of the evidence produced below.

Upon an allegation of insufficiency of evidence, we review the evidence in the light most favorable to the Commonwealth, drawing all reasonable inferences to the Commonwealth. *Commonwealth v. Hamm*, 474 Pa. 487, 378 A.2d 1219 (1977).

On March 31, 1977, the "Granny Squad" of the Philadelphia Police Department (so named, because, as here, one officer is dressed to appear as an elderly lady, acting as a decoy for potential muggers and pursesnatchers) staked out an area around 12th and Commerce Streets in center city Philadelphia. Officer Michael Mormello was the decoy. Two other Philadelphia policemen, in plainclothes, waited nearby. The two backup policemen observed appellant and one Robert Hutchinson, talking with one another in a restaurant at 12th and Commerce Streets. The officers were attracted to appellant and his accomplice because they repeatedly gestured towards the decoy. The two men left the restaurant together. Appellant stood on the corner while Mr. Hutchinson proceeded by Commerce, past the Decoy, to 11th Street. Appellant nervously looked at Hutchinson, then to the two parked police cars on 12th Street. Hutchinson, after he reached 11th Street, turned and headed back toward the decoy. At that point, the two marked police cars pulled away, whereupon appellant gestured frantically towards Hutchinson. Hutchinson quickly ran to the decoy and grabbed the purse. The two backup officers, who had witnessed all of the above, immediately apprehended Hutchinson. Appellant fled into the restaurant, where he was also immediately captured. Appellant, while being led away, told the decoy that he knew who he was and would get him when he got out of jail.

Appellant contends that his conviction was based on mere suspicion and conjecture. His premise is founded upon the fact that his conversation and pointing could be interpreted in more than one manner and that the inference of non-complicity was equally reasonable.

We disagree. The testimony of the officer clearly produced a reasonable inference that appellant and Hutchinson were part of a conspiracy to mug the decoy.

In establishing a conspiracy, direct proof of an explicit or formal agreement is not required. *Commonwealth v. Roux*, 465 Pa. 482, 350 A.2d 867 (1976). This proof (of a conspiracy) may be inferentially established by showing the conduct and circumstances of the parties and the overt acts on the part of the conspirators. *Commonwealth v. Holmes*, 482 Pa. 97, 393 A.2d 397 (1978).

Here the officers observed appellant in conversation with Hutchinson immediately prior to the criminal act, observed appellant standing on the corner looking toward the police cars, then at Hutchinson and finally, frantically gesturing to Hutchinson, when the police cars pulled away. We believe appellant's actions clearly demonstrated that he was part of the conspiracy to rob the decoy and thus we find the evidence to support his conviction sufficient.

Appellant next asserts that the prosecution elicited from witnesses testimony that characterized the area as a "high crime area" thus unfairly creating the inference that people who frequented these places were probably up to no good.

This testimony developed when the police officers were requested to explain their presence at 12th and Commerce. They testified that this area had very high mugging rate and that on other occasions they had observed individuals leave the restaurant and proceed to rob a passerby.

On each occasion, when a witness referred to the area as "high crime" or referred to the restaurant as a hangout for robbers, the court sustained the appellant's objection and instructed the jury to strike it from their memory. We believe this testimony was not unfairly elicited by the prose-

cution. The officers were merely giving background as to why they had set up the Granny Squad in a particular area and what experience told them was likely to happen. In *Commonwealth v. Dalahan*, 262 Pa.Super. 615, 396 A.2d 1340 (1979), we found no prejudice to appellant where police officers were permitted to testify that they were on special assignment to combat the increase in neighborhood burglaries. We concluded there that even though the testimony was somewhat irrelevant, certainly it could hardly be categorized as so unduly prejudicial and inflammatory as to warrant a new trial. We believe the same is true here. Certainly the testimony was irrelevant. But we can hardly say that it was so prejudicial as to warrant a new trial.

The description was merely stating the facts, it had no relationship to this defendant. We can see no reasonable inferences to be drawn that appellant was somehow guilty merely because he was in a "high crime area." Also, the trial judge instructed the jury to disregard the testimony. Thus if any prejudice attached to this testimony, we believe it was exorcised by the curative instruction of the trial judge.

Appellant next contends that certain comments made by the prosecution in his closing were so prejudicial as to warrant a new trial.

■ The first alleged prejudicial comment was the prosecutor's statement that appellant and Hutchinson had "mistakenly picked on a trained police officer whose very job it is to capture those who would prey on the helpless, the elderly . . . ." (N.T. 235).

Appellant asserts that this use of the word "prey" unfairly characterized appellant as an animal, similar to the situation presented in *Commonwealth v. Lipscomb*, 455 Pa. 525, 317 A.2d 205 (1974). In *Lipscomb*, the Supreme Court found error where the prosecutor continually referred to the defendant and associates as "hoodlums and animals." There, they reasoned that the D.A. had interjected his personal belief in the guilt of the accused by such characterizations.

We find the use of the word "prey" did not amount to referring to the appellant as an animal. The prosecutor was merely reiterating the purpose of the "Granny Squad." Certainly animals "prey", but we consider the reference too indirect to rise to the level of *Lipscomb*, supra.

Neither do we consider the above remark to have been a plea for a verdict based on the high incidence of crime in the cities. The statement was only a recitation of the event that took place. Instead of an old lady, the robber got an undercover policeman. We can see nothing to support appellant's allegations that this was a plea for a verdict because of the high crime rate in the cities.

Appellant next asserts that the prosecution unfairly characterized appellant's case as a "smokescreen" and labeled appellant's testimony as "not worthy of my comment, let alone worthy of your belief." (N.T., pgs. 300–301).

Appellant cites *Commonwealth v. Collins*, 462 Pa. 495, 341 A.2d 492 (1975) as authority that characterization of appellant's case as a "smokescreen" is error. There, however, the case was filled with numerous instances of misconduct. We believe that the use of the term here was not "unfair comment."

Defense counsel in his summation, had constantly impugned the testimony of the police and attempted to show that their testimony was in some way colored and that their recollection had been compromised. The prosecutor was merely telling the jury to avoid this "smokescreen" and evaluate the testimony logically, and not to let the defense counsel divert their attention from the real issue. We see no prejudicial error in this remark. Prosecuting attorneys must attempt to meet extravagant, emotional and even distorted arguments of defense counsel in a manner consistent with responsibility as a public prosecutor. *Commonwealth v. Starks*, 479 Pa. 51, 387 A.2d 829 (1978).

We believe that while the prosecutor's comment that appellant's testimony "isn't worthy of my comment, let alone worthy of your belief", was somewhat prejudicial; we do not find that it merits a new trial.

24

The trial judge sustained the objection and instructed the jury to ignore the comment. Also, in the charge, the court again emphasized that the jurors were to ignore all statements which had been stricken.

■ Every unwise or irrelevant remark made in the course of a trial does not compel the granting of a new trial. Only when it is of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair or impartial trial. *Commonwealth v. Garcia*, 478 Pa. 406, 387 A.2d 46 (1978); *Commonwealth v. Goosby*, 450 Pa. 609, 301 A.2d 673 (1973).

This remark hardly amounted to appellant being characterized as a "liar", *Commonwealth v. Collins*, supra. We therefore believe that any prejudice resulting from the remark was cured by the court.

Appellant also argues that the prosecutor misstated the law as to reasonable doubt. We however find no reversible error. While the prosecutor's statement might be construed as "misstating" the law, it was not such a distortion as to merit a new trial. Furthermore, the judge precisely and clearly covered this point in his charge.

Judgment of sentence affirmed.