## Keller v. Witkowski

*Michael D. Bart,* for plaintiff.
*John P. Moses,* for defendant.

OLSZEWSKI, *J.,*December 14, 1981—Margaret Keller (plaintiff) commenced an action in the Domestic Relations Division of the Court of Common Pleas of Luzerne County against Stanley Witkowski (defendant) charging that defendant was the father of plaintiff's illegitimate child, Brian Keller. After trial, the jury found defendant to be the father of Brian Keller.

This matter comes before the court at this time in the form of a motion for a new trial. In support of that motion, defendant offers three principal reasons for the granting of a new trial: (1) that plaintiff's counsel in his opening made prejudicial, unwise, and irrelevant remarks that deprived defendant of a fair and impartial trial; (2) that the court should have granted a compulsory nonsuit upon the completion of plaintiff's case; and (3) finally, that the jury's verdict was contrary to the law and the evidence.

In his opening address to the jury, plaintiff's

counsel stated to the jury that this was "an important case not only to defendant but also to the Commonwealth of Pennsylvania." Immediately defendant's counsel filed an objection, made an appropriate statement for the record, and asked for a mistrial, claiming that this opening remark was so highly prejudicial and inflammatory as to prejudice defendant and deprive him of a fair and impartial trial. Defendant's counsel suggested that not only was the Commonwealth of Pennsylvania a party, but that the remark suggested that this was a criminal case requiring a higher degree of proof than attaches to a simple civil case. (See R. 4, 5.) The court denied the motion for mistrial but did give a cautionary instruction to the jury stating that the Commonwealth was not involved, that it was not a criminal case but a civil one, and further, that the jury should disregard any reference to the Commonwealth having any interest in the case whatsoever.

Plaintiff's counsel then proceeded with his opening address only to mention exactly the same remark again. (See R. 6.) An objection was made and the court denied the motion. While the court denied the second motion for mistrial, we have now had an opportunity to review the entire record and determine whether or not plaintiff's counsel's statements in his opening address were in fact prejudicial and whether the statements were fair deductions from evidence to be presented.

After a review of the situation which developed; that is, plaintiff's counsel making the statement once and after the court gave a cautionary instruction, making exactly the same statement when continuing his address we have no choice but to come to the conclusion that the repetition that the Commonwealth had an interest in the case was an unwise, irrelevant remark. Therefore, we feel

compelled to grant a new trial since we now believe that the repetition of the remark delivered deprived defendant of a fair or impartial trial. Cf. Com. v. Middleton, 269 Pa. Superior Ct. 17, 409 A. 2d 41 (1979); and Com.v. Hoffman, 439 Pa. 348, 266 A. 2d 726 (1970).

If the remark were not repeated, the cautionary instruction would have cured the matter; but under the circumstances of repetition of the same remark, we feel compelled to grant a new trial. Cf. Com. v. Joyner, 469 Pa. 333, 365 A. 2d 1233 (1976).

Since we are satisfied that under the circumstances in this case that a new trial should be granted, it is not necessary for us to address ourselves to the other reasons offered in support of the motion for a new trial.

## ORDER

It is ordered, adjudged, and decreed that defendant's motion for a new trial is hereby granted.