403 A.2d 603

COMMONWEALTH of Pennsylvania

v.

**Curtis B. ASHMORE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided May 18, 1979.

Petition for Allowance of Appeal Denied Sept. 18, 1979.

182

John W. Packel, Assistant Public Defender, Chief, Appeals Div., Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Div., Philadelphia, for Commonwealth, appellee.

Before PRICE, HESTER and HOFFMAN, JJ.

HESTER, Judge:

On October 9, 1976 at approximately 1:30 a. m., complainant alighted from a bus at 31st and Lehigh Avenue in Philadelphia, Pennsylvania. She desired to go to 29th Street in order to catch a connecting bus. It was raining; one Gary Cheatham was standing at the stop with an umbrella; he approached her and offered to accompany her to the 29th Street stop with his umbrella; she accepted his offer.

Before they reached the bus stop, appellant and a companion approached the complainant and Mr. Cheatham; appellant put a straight razor to her throat and led her to a house four blocks away.

Once in the house, the three men, joined by two more men, raped the complainant and forced her to perform various other sex acts.

Following her release, complainant went to her mother's house and from there to Episcopal Hospital, from where the police were summoned.

Following a trial by jury (two co-defendants were also tried with him), appellant was convicted of rape and involuntary deviate sexual intercourse. Post verdict motions were denied and a sentence of twelve (12) to thirty (30) years imprisonment was imposed (consecutive terms of 6–15 years).

Appellant initially asserts that a mistrial should have been granted by the lower court because of the repeated prejudicial remarks by the prosecutor.

"The prosecutor is a quasi judicial officer representing the Commonwealth. His duty is to seek justice, not just convictions." *Commonwealth v. Gilman*, 470 Pa. 179, 368 A.2d 253 (1977); *Commonwealth v. Collins*, 462 Pa. 495, 341 A.2d 492 (1975).

■ Thus, where the prosecutor breaches his duty of fairness and acts in a manner that deprives the defendant of a fair trial, a mistrial should be granted. *Commonwealth v. Mayberry*, 479 Pa. 23, 387 A.2d 815 (1978).

We note, however, that the misconduct must cause prejudice to the defendant, and if the prejudice to the defendant is eliminated by subsequent curative instructions from the court, then no mistrial need be granted. *Commonwealth v. Goosby*, 450 Pa. 609, 301 A.2d 673 (1973).

■ Appellant asserts three [1] instances of prosecutional misconduct. The first concerns a comment interjected by the prosecutor while defense counsel was cross-examining a police officer.

Q. (Defense Counsel) And you further saw him many times last week, almost every day of last week in court here. Isn't that right?

[1]. Appellant actually asserted four instances of prosecutional misconduct, however, we agree with the Commonwealth that one was waived (asserted on pgs. 14–17 in appellants brief). When that alleged misconduct occurred—defense counsel objected and the court sustained the objection. However, no motion for a mistrial or request for curative instructions occurred. Following *Commonwealth v. Thomas*, 254 Pa.Super. 326, 385 A.2d 1362 (1978) and Pa.R.Cr.P. 1118(b) we believe the appellant has no grounds to raise it here.

A. Yes.

Q. But of course you have an awful lot of cases out of that district, don't you?

A. Yes, we do.

Q. And you see an awful lot of people. Is that right?

A. Yes, we do.

Q. And today you can't remember which of these fellow is Gary Cheatham. Is that what you have told us?

A. I do now.

Q. You do now?

A. Yes.

Q. You didn't a few minutes ago, of course?

Mr. Renfroe: (prosecutor) I object to the characterization, he didn't. He wanted to refresh his recollection.

The Court: He answered the question.

By Mr. Serota:

Q. Now,—

Mr. Renfroe: *He wasn't raped either.*

(N.T. 2–23–77, pgs. 462–3).

Appellant claims this sarcastic remark, announced to the jury that the personal belief of the prosecutor was that the defendants were guilty. (This argument arising from the fact that defendants admitted intercourse with complainant and were relying on a consent defense).

■ Personal assertions by the prosecutor on the guilt of the accused are beyond the scope of fair trial and thus constitute reversible error. *Commonwealth v. Cronin*, 464 Pa. 138, 346 A.2d 59 (1975).

We believe, however, that this comment, while improper, was not so prejudicial as to constitute grounds for a new trial.

■ The comment, was not really an expression of the prosecutors personal feeling about the guilt of the defendant. We recognize that if one took into account that the sex act was admitted by defendant—this left no other inference

to be drawn from the statement. However, we believe this was not such a statement as to *clearly indicate* to the jury that the prosecutor had a personal belief that defendants were guilty. E. g. *Commonwealth v. Cronin,* supra; *Commonwealth v. Lark,* 460 Pa. 399, 333 A.2d 786 (1975); *Commonwealth v. Lipscomb,* 455 Pa. 525, 317 A.2d 205 (1974); *Commonwealth v. Harvell,* 458 Pa. 406, 327 A.2d 27 (1974).

In addition, the trial judge gave immediate cautionary instructions to the jury.

The Court: The jury will ignore all side comments, if you heard them, by any counsel.

. . . . .

The Court: Ladies and Gentlemen, let me repeat that side comments of counsel are inappropriate, they are not evidence.

As I told you when we started out the trial, the only evidence that you are to consider is that which comes from the witness stand and which is admitted into the record.

I don't know if you heard it or if you heard it, whether you understood it but at any rate, ignore it completely, strike it from your minds, it is not evidence, because the only persons who can determine what happened in this case and whether or not a crime was committed, and if so, who committed it, is you, the jury and nobody else can do it and no comment of counsel is permitted to intrude upon that function.

Very well.

I warn both sides to restrain themselves about any side comments.

(N.T. 2–23–77, pgs. 464–5).

These instructions, plus the fact that the comment itself was rather heavily veiled, leaves us to believe that the court was correct in denying the motion for a mistrial on this point.

■ The second instance of misconduct asserted by appellant occurred while the prosecutor was cross-examining a defense witness.

Q. (Prosecutor) Now, you said you hadn't seen them prior to being in the schoolyard.

When is the first time that you saw them?

Now you are telling us you went together with the three of them to go buy some Thunderbird. When did you get together for the first time with these three gentlemen to buy the Thunderbird?

Mr. Joel: Objection.

The Court: I think that's irrelevant.

Objection sustained.

Mr. Renfroe: (Prosecutor) If your honor please, I would like to withdraw that question.

The Court: All right. Question withdrawn.

By Mr. Renfroe:

Q. Where did you get together with these three persons? I said "Gentlemen". I withdraw that.

Mr. Serota: That's objected to.

(N.T. 2–25–77, pgs. 835–36).

This, appellant contends, impugned the defendant's character and tended to inflame the passions of the jury.

We disagree.

Clearly, the comment made by the prosecutor did not fall within that category of language whose "effect would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict." *Commonwealth v. Simon*, 432 Pa. 386, 394, 248 A.2d 289, 292 (1968); see also, *Commonwealth v. Stoltzfus*, 462 Pa. 43, 61, 337 A.2d 873, 882 (1975).

We recognize that the remark was totally uncalled for and irrelevant, however, we fail to see how it could possibly have any effect on the jury's verdict.

In addition, the court did give immediate instructions to the jury to disregard the comment.

The Court: You will ignore any characterizations in any way by counsel. This is not part of the case and is not

evidence. And you are not to consider it in deliberating on your verdict.

(N.T. 2–25–78, pgs. 836–7).

Thus, we find no error in the court's refusal to grant a mistrial.

■ The third[2] instance of alleged misconduct occurred during the prosecutor's final summation:

Now, ladies and gentlemen, look at the witnesses. Look at the fact witnesses.

There was only six people who knew what went on that evening, Delilah Cottle, Curtis Ashmore, Gary Cheatham, Jeffrey Moyer, Glover, the other fellow that she testified was there, and Richard Smoot. They were the only six people who were there. They are the only six people who could tell you what really happened there.

All the other witnesses testified that they saw them standing around, outside, before this incident happened, but only six people could tell you what happened and Delilah Cottle told you—

Mr. Joel: May we see your honor at sidebar?

(N.T. 2–28–77, pgs. 135–6).

Appellant contends this clearly was a violation of the Act of May 23, 1887, P.L. 158 § 10, 19 P.S. § 631 which provides:

"the neglect or refusal of any defendant, actually upon trial in a criminal court, to offer himself as a witness [may not] be treated as creating any presumption against him, or be adversely referred to by court or counsel during the trial."

The court gave immediate instructions to the jury:

The Court: The Court has told the jury previously, and will tell them again that they have a constitutional right not to testify.

(N.T. 2–28–77, pgs. 136–7).

And in its charge again emphasized the same point:

**2.** This argument is contained in appellant's second issue. However, we see no reason to separate it from the other allegations of misconduct.

Now, the defendants chose not to testify in their own defense. However, it is entirely up to a defendant in every criminal trial whether or not to testify. He has an absolute right, founded on the constitution, to remain silent, and you may not, you must not draw any inferences of guilt from the mere fact that any defendant or each of these defendants did not testify.

(N.T. 2–28–77, pgs. 167–8).

We believe that the statement was not such as to require a mistrial. The nature of the reference coupled with the curative instructions of the court were such as to dissipate the harm.

In *Commonwealth v. Maloney*, 469 Pa. 342, 365 A.2d 1237 (1976) our Supreme Court (per Justice Eagen) in evaluating the harm caused by reference to the defendants' failure to testify, stated:

"In order that there will be no confusion henceforth, we now specifically rule that in Pennsylvania adequate instructions under some circumstances may cure error of the nature here complained of. Initially, whether the harm can be removed by curative instructions will be within the sound discretion of the trial judge and his determination will be subject to appellate review. In making this decision, the following will be important considerations but not necessarily exclusive: (1) the nature of the reference, particularly, whether it was a specific comment on the accused's silence at trial or at the time of arrest or whether it was, as in *Commonwealth v. Ross*, supra, merely a reference to the fact that incriminating evidence of the Commonwealth was undenied or uncontradicted; and (2) whether the accused's silence was exploited by the district attorney." Id., 469 Pa. at 349, at 365 A.2d 1241.

We believe the reference here was in the nature of that in *Maloney*, i.e., merely a reference to the fact that the incriminating evidence of the Commonwealth was undenied or uncontradicted. In addition, the prosecutor in no way "exploited the accused's silence".

We find no error in any of the above comments by the prosecutor and therefore dismiss these contentions.

■ Appellant also argues that the court erred when it refused to allow a prosecution witness to be impeached by a prior conviction for assault with intent to kill.

In *Commonwealth v. Bigham*, 452 Pa. 554, 307 A.2d 255 (1973) the Supreme Court limited the rule with regard to impeachment of witnesses by prior convictions of crimes. They held that the only convictions admissable to impeach are those which involve dishonesty or false statement, since the avowed purpose of using prior convictions in rebuttal is to cast doubt on the witnesses' veracity. See also, *Commonwealth v. Katchmer*, 453 Pa. 461, 309 A.2d 591 (1973); *Commonwealth v. Grimm*, 249 Pa.Super. 441, 378 A.2d 377 (1977).

Appellant has not demonstrated how a conviction for assault with intent to kill relates to the perpetrators "veracity". We therefore dismiss this contention.

Judgment of sentence affirmed.