440 A.2d 549

**COMMONWEALTH of Pennsylvania,**

v.

**Wayne PARENTE, Appellant.**

Superior Court of Pennsylvania.

Argued May 28, 1981.

Filed Jan. 19, 1982.

Petition for Allowance of Appeal Denied May 26, 1982.

448

George H. Newman, Philadelphia, for appellant.

Steven J. Cooperstein, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, McEWEN and WIEAND, JJ.

McEWEN, Judge:

Appellant, Wayne Parente, was tried before a jury and found guilty of rape, involuntary deviate sexual intercourse, simple assault, and possession of an instrument of crime. He appeals, alleging prejudicial error in a number of judicial decisions and prosecutorial actions during the trial in the lower court. We will consider his allegations seriatim.

Appellant contends first that it was· error for the lower court to refuse to strike the victim's testimony because her statement to the police had been lost by the police officer and was not available to defense counsel. Under Pa.R. Crim.P. 305(B)(2)(b), the recorded or substantially verbatim statements of eyewitnesses that the Commonwealth intends to call at trial must be available to defense counsel upon a motion for pre-trial discovery. Here, defense counsel properly requested statements made by prosecution witnesses as much as six months before trial. Attorneys for the Commonwealth advised defense counsel that if such notes existed, copies would be made available to him. The prosecutor who was assigned to the case for trial was told of this agreement and she repeatedly attempted to contact Officer Upchurch, the policewoman who had made the notes in question. Having received no response from the police officer by the time jury selection commenced, the prosecutor subpoenaed Officer Upchurch to appear in court the following day. The officer appeared with the notes requested and showed them to the prosecutor who was in the midst of jury selection. The prosecutor requested Officer Upchurch to wait outside the Court Room for a break in the proceedings during which the notes would be copied. However, apparently misunderstanding the instructions, Officer Upchurch left City Hall and returned to police headquarters. When she arrived there, she realized that she had left a manila envelope containing the notes on her seat on the subway. The next morning, the prosecutor was informed of the loss and she attempted to determine if the envelope could ·be

recovered. However, her efforts proved fruitless. The trial court and defense counsel were told of the loss and a hearing was held out of the presence of the jury.

It must be noted that by this time, the prosecutor's direct examination of the victim had begun and defense counsel had been provided with the police investigative report and the handwritten notes of another police officer, which notes, although short, were taken at the same time as the missing notes. Further, Officer Upchurch had read over her notes on the day that she had lost them, and she testified as to their contents at the hearing.

As a result of this hearing, the trial court denied defendant's Motion to Strike the victim's testimony, but offered to grant defense counsel a continuance. This offer was refused. Nevertheless, the court recessed early to allow defense counsel a better opportunity to prepare a defense in light of the unexpected loss of the notes. The trial court also allowed defense counsel to explore the loss of the statement before the jury through an examination of both the police officers and the victim. The record shows that defense counsel did in fact present the circumstances of the missing notes and argue their import to the jury. Finally, the trial court instructed the jury that if they determined that the officer intentionally made the notes unavailable, they could infer that the notes would have been unfavorable to the prosecution.

Under Section (E) of Pa.R.Crim.P. 305, when it becomes apparent that a party has failed to comply with the provisions of the Rule, the trial court has broad discretion in choosing an appropriate remedy. It may order the party to permit discovery or inspection or, if, as here, this is not feasible, it may either grant a continuance, prohibit such party from introducing evidence not disclosed, or enter any other order that it deems just. Here, the trial court offered the defendant a continuance and also took other steps to insure that the defendant would not be unduly prejudiced by the loss of the notes.

■ Despite this clear compliance with the Rule, a new trial might still have been necessary if it had been shown that the nondisclosure of the notes had affected the fairness of the trial. See *Commonwealth v. Jenkins*, 476 Pa. 467, 383 A.2d 195 (1978). However, on the facts presented, it cannot be said that the loss of the notes denied appellant a fair trial. The presence of the police investigative report and the other police officer's notes, the police officer's testimony as to the contents of her notes, and the court's instruction that the jury could infer that the notes would have been unfavorable to the prosecution, all combine to minimize the impact of the missing notes on appellant's defense. Thus, the appellant was not harmed by the prosecution's actions; and in light of the fact that striking the victim's testimony would likely have resulted in termination of the entire prosecution, a penalty far too drastic for this violation of the Rule, the trial court's refusal to so strike was not improper or erroneous.[1]

■ Appellant contends next that trial counsel was ineffective for failure to object to several allegedly improper comments made by the prosecutor in her closing argument to the jury. The standards determining prosecutorial misconduct are well settled. It is undoubted that any irrelevant, unwise or otherwise improper remarks by the prosecutor do not necessarily amount to grounds for a new trial. *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975); *Commonwealth v. Ferguson*, 270 Pa.Super. 184, 411 A.2d 241 (1979). A new trial is necessary only when, "[t]he unavoida-

1. Appellant further alleges as error the conduct of the trial court at the hearing outside the presence of the jury, and its refusal to allow defense counsel to call the prosecutor as a witness before the jury. The first of these claims, that the court erred in cutting off cross-examination of the prosecutor at the hearing, was not raised in appellant's post-trial motions and is, therefore, waived. *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979). The second claim, that the appellant was prejudiced by not being allowed to call the prosecutor as a witness to give testimony concerning the loss of the notes is without merit. Appellant was able to fully explore the circumstances behind the loss of the notes in his questioning of Officer Upchurch. Therefore, his inability to question the prosecutor caused him no harm.

ble effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict." *Commonwealth v. McNeal*, 456 Pa. 394, 400, 319 A.2d 669, 673 (1974).

■ The first allegedly prejudicial comment of which the defendant complains was the prosecutor's statement that the defense, in its summation, had raised "red herrings" and "phony issues." However, it is clear that the prosecutor did not use these terms simply to characterize the defense, but went on to contend that defense counsel's argument concerning a time discrepancy in the testimony of prosecution witnesses was a false issue because appellant had already conceded his presence in the victim's apartment at the time of the crime. Thus, the prosecutor was merely responding to arguments advanced by defense counsel. There can be no doubt that such conduct is not improper. *Commonwealth v. Stoltzfus*, supra; *Commonwealth v. Ferguson*, supra; *Commonwealth v. Stafford*, 450 Pa. 252, 299 A.2d 590 (1973), *cert. denied*, 412 U.S. 943, 93 S.Ct. 2775, 37 L.Ed.2d 404 (1973).

■ Secondly, appellant contends that the prosecutor's reference to the victim's testimony as "the terrifying and horrifying account of September the 14th of 1978" and "the most horrendous moment and the greatest nightmare of her life" was prosecutorial misconduct mandating a new trial. A similar claim was advanced in *Commonwealth v. Ferguson*, supra, where the prosecutor referred to a "night of terror" for the rape victim. There, this court found that "the Commonwealth's inference was factually supported and a refutation of counsel's characterization of the victim as a willing and voluntary participant." *Commonwealth v. Ferguson*, supra, 270 Pa.Super. at 188, 411 A.2d at 243. Here, also, appellant had claimed that the victim was a willing and voluntary participant and the prosecutor's comment served as a refutation of that claim. Further, the prosecution's inference was not unwarranted. The facts demonstrate its validity. The victim was at home in the early morning

hours, asleep in the room she shared with her two year old nephew. She was suddenly awakened by the presence of the appellant who placed a hand over her mouth. Appellant, who was masked with panty-hose and armed with a knife, took her into another room and raped her vaginally, anally and orally. It is frivolous to argue that anyone brutalized so foully did not suffer a nightmare of terror and horror. Further, it must be noted that where, as here, the prosecution's characterizations are factually supported by the evidence, Pennsylvania courts have repeatedly rejected claims of prosecutorial misconduct, even when the statements complained of were far more emotionally charged than those of which appellant complains here. See *Commonwealth v. Ferguson*, supra, 270 Pa.Super. at 189, 411 A.2d at 244.

■ Appellant's third allegation of misconduct concerns the prosecution's comments on the testimony of appellant about the rape. The prosecutor referred to the "arrogance" of appellant on the stand and also stated: "I suggest to you, Ladies and Gentlemen, that is all a lot of bologna, and that what he is telling you does not have the ring of truth." We believe that such a comment, which some may consider intemperate, is not necessarily so prejudicial as to warrant a new trial. By this statement, the prosecutor urged the jury to reject the testimony of appellant that the intercourse involved was completely consensual. This court has refused to label as misconduct language that was far more caustic and emotional. See *Commonwealth v. Middleton*, 269 Pa.Super. 17, 409 A.2d 41 (1979). (Prosecutor's statement that the testimony of defendant "isn't worthy of my comment, let alone worthy of your belief" was found not to warrant a new trial.) Further, the reference of the prosecution to the arrogance of appellant was not reversible error in that this comment referred solely to the demeanor of appellant on the stand. It did not go to the veracity of the testimony of appellant, but went merely to his behavior, which behavior was readily observable by each of the twelve jurors.

■ Finally, appellant alleges prosecutorial misconduct in the conclusion of the summation of the prosecution to the jury. The prosecutor ended her summation as follows:

The evidence is overwhelming against the defendant, Wayne Parente, for all of the crimes that have been charged against him and I suggest, Ladies and Gentlemen, that when you go out to deliberate, you go out and do your duty in this case, that you return with a fair verdict. I suggest to you that the fair verdict in this case is Guilty on all charges. . . .

It is unquestioned that a prosecutor's assertion of a personal belief in a defendant's guilt is reversible error, *Commonwealth v. Smith*, 490 Pa. 380, 416 A.2d 986 (1980); *Commonwealth v. Ashmore*, 266 Pa.Super. 181, 403 A.2d 603 (1979). However, it is clear that here the remarks of the prosecutor reveal no personal assertion of belief in the guilt of appellant. In fact, a fair reading of those statements indicates that the determination of the guilt or innocence of appellant was for the jury. We believe that these remarks were neither improper nor unduly prejudicial. Therefore, these claims of prosecutorial misconduct are without merit.

In connection with the foregoing allegations of prosecutorial misconduct, appellant argues collaterally that he was denied the effective assistance of counsel by virtue of the failure of trial counsel to object to the allegedly improper and prejudicial remarks. This contention collapses as a result of our conclusion that the claims of prosecutorial misconduct are without merit. Trial counsel cannot be held ineffective for failure to pursue a meritless argument. See *Commonwealth v. Smith*, supra. Therefore, trial counsel of appellant was not ineffective for failing to object to those comments of which the appellant now complains.

Appellant further alleges misconduct in the comment of prosecutor upon the fact that defense counsel did not question Officer Upchurch as to the contents of her missing notes. Defense counsel promptly objected to the remark and the Court provided a curative instruction to the jury. We have reviewed the instruction delivered by the Court and find it to be an adequate curative instruction. Therefore, we conclude that there is no merit to the assertion of appellant that defense counsel was ineffective for failure to object to this instruction.

■ Appellant contends further that defense counsel was ineffective for failing to ask the trial court to define the term, "serious bodily injury", which term was used in the Court's rape charge to the jury.[2] In defining rape and involuntary deviate sexual intercourse, the trial court charged that the Commonwealth must show that the victim submitted to appellant through forcible compulsion. The Court then defined forcible compulsion as the threat of serious bodily injury or death, but failed to define "serious bodily injury." Appellant contends that his trial counsel was ineffective for failing to object to this lack of definition.[3]

It is well settled that in determining the effectiveness or ineffectiveness of trial counsel, the reviewing court must first determine whether the course chosen by counsel had some reasonable basis in effectuating a defense. Counsel is deemed effective if any reasonable basis exists for his course of conduct. *Commonwealth v. Brightwell*, 492 Pa. 424, 424 A.2d 1263 (1981); *Commonwealth v. Burton*, 491 Pa. 13, 417 A.2d 611 (1980). Here, a reasonable basis for failure of defense counsel to object to the charge of the court is easily discerned.

The charge of the trial court to the jury required them to find either serious bodily injury or the threat of serious bodily injury before they could find appellant guilty of rape or involuntary deviate sexual intercourse. However, this Court has held that the level of force or threat of force necessary to support a conviction of rape or involuntary deviate sexual intercourse need not rise to the level of serious bodily injury. *Commonwealth v. Irvin*, 260 Pa.Super. 122, 393 A.2d 1042 (1978). Thus, the charge of the trial

---

**2.** Appellant contends also that the trial court erroneously failed to define terms in its assault charge to the jury. However, the assault conviction is merged into the rape conviction and, thus, we consider only the charge as to rape.

**3.** Appellant does not contend that the trial court's charge was erroneous. He argues merely that it was undefined.

court to the jury was extremely favorable to the defense, and it requires no great hindsight to see that defense counsel was reasonable and not ineffective in not challenging so favorable a charge.

 Appellant next asserts that it was a prejudicial error for the lower court to allow the Commonwealth to re-open its direct examination of the victim. We are not persuaded that the contention of appellant has any merit. Because of various unavoidable delays, had the trial court not permitted the Commonwealth to re-open its examination, nearly forty-eight hours would have elapsed between the direct and the cross examination of the victim.

A decision of the trial court whether to allow a party to be recalled is left to the discretion of the trial court and will not be reversed unless it constitutes a gross abuse of discretion. *Commonwealth v. Crosby*, 450 Pa. 68, 297 A.2d 114 (1972); See also *Commonwealth v. Deitch Co.*, 449 Pa. 88, 295 A.2d 834 (1972); *Commonwealth v. Ridgely*, 243 Pa.Super.Ct. 397, 365 A.2d 1283 (1976). Here, we cannot say that the trial court abused its discretion in allowing the Commonwealth to reopen the testimony of the victim.[4]

 Appellant further contends that trial counsel was ineffective during the voir dire examination of the prospective jurors on two occasions: (1) when he failed to object to the trial court's use of the word "victim" and (2) when he challenged a prospective juror in open court. We find these contentions to be without merit.

The trial court used the word "victim" in its instructions to the veniremen. The court stated that the prosecutor would tell the panel when the incident occurred and the

---

**4.** Appellant also claims prejudice by two other allegedly erroneous evidentiary rulings by the trial court. However, we do not here consider these claims because, not being raised in the post-verdict motions of appellant, they are deemed waived. *Commonwealth v. Gravely*, supra.

names of the victim, the defendant, and the witnesses who might be called. It seems highly improbable that the single reference of the court to the "victim" long before jury selection even began was so prejudicial to the appellant that a new trial is required, especially in light of the thorough instructions of the court on the presumption of innocence, the Commonwealth's burden of proof, and the position of the court of neutrality. Therefore, defense counsel cannot be deemed ineffective for failure to draw attention to what was at most a fleeting characterization on the part of the trial court.

Defense counsel's challenge for cause involved a prospective juror who had recently accepted, but not yet begun, a position as a typist in the United States Attorney's office. Counsel's challenge was overruled in open court, and the juror was seated. Where, as here, the open court challenge was rooted, not in an alleged bias of the prospective juror, but in a possible relationship conflict, it is unlikely that such a challenge would engender prejudice on the part of the challenged juror, so that such an allegation is wholly speculative and, thus, trial counsel cannot be deemed ineffective for failure to guard against it.

██ Finally, appellant contends that he is entitled to a vacation of judgment and a remand for resentencing because the trial court failed to state on the record its reasons for imposing sentence in violation of Pa.R.Crim.P. 1405(b). However, since appellant failed to raise this claim at sentencing or in a motion for reconsideration of the sentence, any objection to the failure of the trial court to state its reasons on the record is deemed waived and we do not consider it. *Commonwealth v. Turecki*, 278 Pa.Super. 511, 420 A.2d 658 (1980); *Commonwealth v. Morris*, 273 Pa.Super. 477, 417 A.2d 748 (1979).

Therefore, the judgment of sentence of the lower court is hereby affirmed.