502 A.2d 216

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Elwood Lamar YOST.**

Superior Court of Pennsylvania.

Submitted Aug. 5, 1985.

Filed Dec. 13, 1985.

298

Anthony J. Rosini, Assistant District Attorney, Shamokin, for Com., appellant.

Vincent V. Rovito, Jr., Shamokin, for appellee.

Before WICKERSHAM, BROSKY and ROBERTS, JJ.

PER CURIAM:

On September 9, 1984, Elwood Lamar Yost was charged by the Shamokin Police Department, in a criminal complaint,[1] of disorderly conduct, resisting arrest and underage consumption of alchohol. A reckless driving charge was also involved.

A motion to compel discovery pursuant to Pa.R.Crim.P. No. 305 A was granted by court order dated November 21, 1984. On January 29, 1985 the court, by the Honorable Peter Krehel, President Judge, issued the following Order:

AND NOW, this 29th day of January, 1985, upon finding that the Commonwealth has not complied with this Court's Order of 21 November 1984 compelling discovery, and upon finding that the lapse of (10) weeks is unexplainable by the Commonwealth, the Defendant's Motion for Sanctions is GRANTED and the charges filed to the above-captioned Information are DISMISSED with prejudice.

The Commonwealth filed the instant appeal from the January 29, 1985 order dismissing the charges.

Judge Krehel, in an opinion dated February 5, 1983, explained his action in this manner:

On January 1985, the Commonwealth called this case for trial. At that time, Defendant made a Motion for Sanctions against the Commonwealth, alleging that the Commonwealth had failed to comply with this Court's Discovery Order of 21 November 1984 and requesting that the Commonwealth not be permitted to introduce at trial any evidence which was subject to the Discovery Order.

Pa.R.Crim.P. 305 E. provides,

If at any time during the course of the proceedings it is brought to the attention of the Court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant

---

1. Section 5503(a)(3) obscene language or obscene gestures—a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience.

a continuance, *or may prohibit such party from intro-
ducing evidence not disclosed,* other than testimony of
the defendant, or it may enter such other order as it
deems just under the circumstances. (Emphasis added)

\*     \*     \*     \*     \*     \*

In this case, the Commonwealth had called this case
for trial. It indicated that a jury panel was available
and that it was ready to proceed to trial. The Common-
wealth had been served with the Discovery Order more
than ten (10) weeks previously, yet it had not yet
responded to the request.

The Defendant's Discovery Request did not ask the
Commonwealth to disclose anything extraordinary. The
request covered the items required by *Brady v. Mary-
land.* (Citation omitted).

Defendant's Motion for Sanctions was properly grant-
ed, because to allow the Commonwealth to introduce the
evidence encompassed by the Discovery Order would
have been a significant infringement of Defendant's con-
stitutional right to a fair trial. Rule 305 E. provides that
in such circumstances, the Court may prohibit the Com-
monwealth from introducing the evidence not disclosed.

After granting the Motion for Sanctions, this Court
then looked to what remained of the Commonwealth's
case. It was clear that by excluding the evidence covered
by the Discovery Order, the Commonwealth would not be
able to introduce statements by the Defendant (See: the
Affidavit of Probable Cause). In addition, the Common-
wealth would not be able to introduce statements or
testimony of its witnesses. Defendant's Motion for Dis-
covery, Paragraphs 7, 8, 9.

At this point, it was apparent that this case had become
demurrable. In the interest of judicial economy, it would
have been foolish to pick a jury and begin the trial only to
have a demurrer granted. In addition, the District Attor-
ney has repeatedly reminded everyone of the overcrowd-
ed criminal trial docket, so it was decided that the Dismis-
sal of the charges was in the best interest of justice.

Accordingly, the Order of 29 January 1985 was entered.

In this case, appellant presents the following issue for our consideration:

1. Did the lower court err in dismissing the charges against the defendant for failure of the Commonwealth to provide discovery without holding a hearing on the merits of the defendant's motion and thereby providing the Commonwealth with an opportunity to respond to the allegations of the defendant.

Brief for Appellant at 1.

In its brief before this Court, the Commonwealth maintains that:

1. The lower court erred in dismissing the charges against the defendant for failure of the Commonwealth to provide discovery without holding a hearing on the merits of the defendant's motion and providing the Commonwealth with an opportunity to respond to the defendant's allegations.

2. The lower court erred in failing to hold a hearing on the defendant's oral motion for discovery and allowing the Commonwealth time to respond to said motion.

3. A copy of the defendant's request for discovery is set forth in the record. (R.R. 17a–18a) While the Commonwealth did not file a formal [response,] if the court had permitted a hearing the Commonwealth would have indicated that the response to the mandatory disclosure portion, i.e. paragraphs 1 through 7 in the request would have been "none". The Commonwealth would not have provided discretionary material requested in defendant's request in paragraph's number 8 through 12 without an order of court. In this case the court entered an ex-parte order ordering the Commonwealth to provide its file and the Commonwealth complied with this order. (R.R. 5a) After defense counsel was provided with the Commonwealth's file no further request for discovery was made. The Commonwealth would submit that there was no violation of the Rules of Criminal Procedure since the court's order was complied with. However, if any reme-

dy would have been in order in this matter, it would certainly have been only a brief continuance. In this case the court never held a hearing to determine whether the information requested by the defendant should be provided. While the court may enter an order prohibiting the Commonwealth from introducing testimony of undisclosed witnesses, it is submitted that in this matter the defendant was informed of witnesses through the preliminary hearing at which time witnesses testified against him. In fact the defendant had an eyewitness to the incident who was a passenger in his car and the defendant would have been able to obtain this eyewitness without the Commonwealth's informing him thereof.

Additionally, when the Commonwealth's file was delivered to the defendant it contained the [names] of all potential witnesses.

The purpose of Rule 310 is to afford the defendant the opportunity to discover evidence which he does not know exists as well as to seek possession of evidence which he is aware of. In fact where the defendant has already obtained the information, such as through a preliminary hearing, the courts have held denial of a request for further discovery is proper.

This is not a case where there is any evidence of record below that the defendant's rights were violated by withholding evidence favorable to the defendant or which the defendant was unaware of.

While the court may have discretion in selecting a remedy for the Commonwealth's failure to provide discovery in this case, the record is clear that the lower court abused its discretion in failing to allow the Commonwealth to respond to the defendant's motion by putting on evidence of its compliance with the court's order and that the discovery otherwise requested was already available to the defendant and his counsel.

Brief for Appellant at 7–9. (Citations omitted).

The Rule in question (Rule 305 Pa.R.Crim.P.) provides for [B(1)] mandatory disclosure by the Commonwealth of vari-

ous listed items or information and [B(2)] discretionary disclosure of names and addresses of eyewitnesses, all written or recorded statements of Commonwealth witnesses and statements of co-defendants, co-conspirators or accomplices and "any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice."

If a party "has failed to comply" with Rule 305, then:

E.  REMEDY:

If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

Pa.R.Crim.P. 305 E.

In *Commonwealth v. Johnson*, 310 Pa.Super. 385, 456 A.2d 988, 993, (1983) our Judge Spaeth (now President Judge) indicated an appropriate remedy for failure of the Commonwealth to comply with Rule 305:

Finally, in [*Commonwealth v.*] *Rodgers* [472 Pa. 435, 372 A.2d 771 (1977)] there was no violation of Pa.R.Crim.P. 305(B)(1).  Pa.R.Crim.P. 305 E gives the trial court broad discretion in formulating remedies for a failure to comply with discovery requirements.  In many cases, ordering a continuance will be an adequate remedy.  This will be so where the undisclosed statement or other evidence is admissible and the defendant's only prejudice is surprise. *E.g., Commonwealth v. Parente*, 294 Pa.Superior Ct. 446, 440 A.2d 549 (1982); *Commonwealth v. Bey*, 294 Pa.Superior Ct. 229, 439 A.2d 1175 (1982). Sometimes, however, the prejudice will go beyond surprise; if the prejudice is so great that the fairness of the trial has been affected, a new trial should be ordered. *Commonwealth v. Jenkins*, 476 Pa. 467, 383 A.2d 195 (1978).

Compare *Commonwealth v. Parente*, 294 Pa.Super. 446, 452, 440 A.2d 549 at 552 (1982) where termination of the entire prosecution was called "a penalty far too drastic."

■ We believe that *dismissing the charges* against the defendant is an abuse of discretion and uncalled for under the circumstances of this case. A continuance would have been much more appropriate. See *Commonwealth v. Melendez*, 326 Pa.Super. 531, 474 A.2d 617 (1984); where we granted a new trial based upon a prosecutor's nondisclosure. The purpose of the rule has been said to afford defendant the opportunity to discover evidence which he did not know existed, as well as to seek possession of evidence of which he was aware. *Commonwealth v. Brocco*, 263 Pa.Super. 51, 396 A.2d 1371 (1979).

Case remanded for trial. Order reversed. The Commonwealth shall fully comply with Rule 305 forthwith.

Jurisdiction relinquished.

ROBERTS, J., files a dissenting opinion.

ROBERTS, Judge, dissenting:

I would affirm the trial court. Its order dismissing the charges was a proper discretionary remedy under Pa.R. Crim.P. 305 E. As the rule states:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

Here, the Commonwealth's failure for ten weeks to comply with the court's discovery order supports the sanction of dismissal. In all respects, it is an order "just under the circumstances."

The record reveals that the trial court initially directed discovery on November 21, 1984. Yet, it was not until

January 29, 1985, the day of trial, that the Commonwealth made any response to the order. The Commonwealth never noted its exception to the order until that day. It now would be anamolous to reward the Commonwealth with a continuance after its ten week disregard of a direct court order.

In *Commonwealth v. Johnson, supra,* now President Judge Spaeth observed that Rule 305 E "gives the trial court broad discretion in formulating remedies for a failure to comply with discovery requirements." 310 Pa.Super. at 395, 456 A.2d at 933. On this record, it cannot be concluded that an abuse of discretion occurred. Because of the Commonwealth's failure to provide the requested discovery materials, the court found that the defendant would have been deprived of his constitutional right to fair trial. Plainly, where such significant infringement has been occasioned, the Commonwealth has not established its entitlement to a continuance. *Accord Johnson, supra,* 310 Pa.Superior Ct. at 395, 456 A.2d at 993. Thus, the trial court's dismissal was indeed a sound exercise of discretion.

In its dismissal order, the trial court noted:

After granting the Motion for Sanctions, this Court then looked to what remained of Commonwealth's case. It was clear that by excluding the evidence covered by the Discovery Order, the Commonwealth would not be able to introduce statements by the Defendant.... In addition, the Commonwealth would not be able to introduce statements or testimony of its witnesses....

At this point, it was apparent that this case had become demurrable. In the interest of judicial economy, it would have been foolish to pick a jury and begin the trial only to have a demurrer granted. In addition, the District Attorney had repeatedly reminded everyone of the overcrowded criminal trial docket, so it was decided that the Dismissal of the charges was in the best interest of justice.

This well formulated order properly considered the circumstances surrounding the Commonwealth's failure to comply

with the discovery order and the absence of admissible evidence to deny a demurrer.

The majority apparently accepts the Commonwealth's argument that the trial court should have held a hearing on the merits of defendant's motion for sanctions. The record, however, discloses that neither a written nor oral request for a hearing was made in the trial court. This issue having been presented here for the first time is not properly preserved for appeal. *See Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974).

Accordingly, I dissent.