J-S09037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSHUA KENNERLY | : | No. 295 EDA 2020 |

Appeal from the Order Entered December 12, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001417-2019

BEFORE: OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED APRIL 07, 2021**

The Commonwealth of Pennsylvania ("the Commonwealth") appeals from the Order dismissing the criminal charges against Joshua Kennerly ("Kennerly"). After careful review, we reverse and remand for further proceedings.

On October 29, 2018, Kennerly was arrested for using a fake identification card in attempting to purchase two cellular telephones at a Verizon store in Philadelphia, Pennsylvania, and charging them to the Verizon account of Andrew Bunger ("the victim"). Kennerly was charged with one count each of forgery, theft by deception, identity theft, and resisting arrest.[1] At Kennerly's preliminary hearing on February 26, 2019, a Verizon employee testified that video surveillance of the incident existed. The trial court ordered

_____

[1] 18 Pa.C.S.A. §§ 4101(a)(1), 3922(a)(1), 4120(a), 5104.

the Commonwealth to procure and preserve such evidence, and to make it available to Kennerly. The Commonwealth thereafter requested, and the trial court granted, two continuances in order to procure the surveillance video.

On December 12, 2019, Kennerly appeared for his bench trial, which was scheduled to begin at 9:00 a.m. At approximately 11:30 a.m., the Commonwealth informed the trial court that while the victim was present and was prepared to testify, it did not have the surveillance video, and that its eyewitnesses were running late. N.T., 12/12/19, at 2. After a discussion, the trial court stated the following:

> I'm going to have to dismiss the case because there is no case. If we had eye witnesses I would let you proceed without referencing the video. But we don't have eye witnesses, and they can't be coming to my courtroom at 1 o'clock when we start at 9 o'clock. That's not acceptable. I mean, it's unfortunate. But if we had the video -- we just don't have anything. We have no eye witness and we have no video. So we have nothing -- except for the complainant, who unfortunately is the one who's getting the short end of the stick here because the people who actually interacted with the person didn't come to court on time and there's no video[.]

*Id.* at 7. At that point, the Commonwealth informed the trial court that the eyewitness, who had personally observed the transaction, had, in fact, just arrived and was prepared to testify. *Id.* Kennerly's counsel responded that the outstanding video still presented a problem, as the eyewitness could not be impeached without it. *Id.* at 8-9. The Commonwealth suggested a negative inference regarding the video; however, the trial court indicated to the Commonwealth that it could not reference the video, or anything that the

video depicted.  *Id.* at 11-12.  The Commonwealth responded that such a prohibition would constructively dismiss its case.  *Id.* at 12-13.

The trial court took the matter under advisement, and after a short recess, stated the following:

> All right.  I've gone back and forth with what we're going to do with this case.  Long story short, I'm dismissing it.  The video is, to me, too important.  I guess if we're talking about a statement that got there late [*sic*], we're talking about he gets back the video yesterday, that's different, but I don't think we can go forward without the video.

*Id.* at 13-14.  The Commonwealth filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

The Commonwealth presents the following issue for our review:

> Did the trial court abuse its discretion by imposing the extreme sanction of dismissal for (1) a discovery violation where [Kennerly] would not have been prejudiced by a less severe remedy and the Commonwealth acted in good faith by requesting two trial continuances to attempt to locate and disclose surveillance video of [Kennerly]'s crimes and then, when it was unable to obtain the video, informed the [trial] court and opposing counsel before trial, agreed to a remedy that all references to the video's existence be precluded, and even proposed a negative inference against the Commonwealth; and (2) the Commonwealth's witnesses' lateness[,] where the necessary witnesses were present before the [trial] court dismissed the case?

Brief for Appellant at 4.

The Commonwealth argues that the trial court abused its discretion in dismissing the charges against Kennerly based on the missing surveillance video.  *Id.* at 13.  The Commonwealth asserts that dismissal was

inappropriate, as the record did not reflect that the video was exculpatory pursuant to **Brady v. Maryland**, 373 U.S. 83 (1963). Brief for Appellant at 13-15. The Commonwealth further claims that it did not act in bad faith regarding the video's production, as the Commonwealth promptly informed the trial court and Kennerly that the video was outstanding, and suggested several remedies, including a negative inference against the Commonwealth. **Id.** at 15-16. The Commonwealth asserts that dismissal was inappropriate because the Commonwealth did not act in "deliberate, bad faith prosecutorial misconduct," and that Kennerly would not suffer prejudice from a less severe remedy, such as an additional continuance. **Id.** at 17-19. As a result, the Commonwealth argues that the trial court should have permitted its eyewitness to testify as to that witness's encounter with Kennerly in the Verizon store, rather than dismissing the case. **Id.** at 19-21. Finally, the Commonwealth asserts that the eyewitness's tardiness at trial did not justify dismissal, as the witness appeared at court while the proceedings were taking place; the Commonwealth was prepared to proceed with the single witness along with the victim; and the trial court could have elected to acquit in the event that the Commonwealth's witnesses did not establish Kennerly's guilt. **Id.** at 21-23.

"Decisions involving discovery matters are within the sound discretion of the trial court and will not be overturned absent an abuse of that discretion." **Commonwealth v. Santos**, 176 A.3d 877, 882 (Pa. Super. 2017) (citation

and quotation marks omitted), ***appeal denied***, 189 A.3d 986 (Pa. 2018). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." ***Id.*** (citation and quotation marks omitted).

Pennsylvania Rule of Criminal Procedure 573 governs pretrial discovery in criminal cases and provides, in pertinent part, as follows:

**(B) Disclosure by the Commonwealth.**

\* \* \*

(2) Discretionary With the Court.

(a) In all court cases, … if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

\* \* \*

(ii) all written or recorded statements, and substantially verbatim oral statements, of eyewitnesses the Commonwealth intends to call at trial;

\* \* \*

(iv) any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice.

\* \* \*

> (E) Remedy. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

Pa.R.Crim.P. 573(B)(2)(ii), (v), (E).

The purpose of the discovery rules is to prevent a trial by ambush that violates a defendant's right to due process. *Commonwealth v. Ulen*, 650 A.2d 416, 419 (Pa. 1994). If the Commonwealth commits a discovery violation, "[t]he trial court has broad discretion in choosing the appropriate remedy." *Commonwealth v. Brown*, 200 A.3d 986, 993 (Pa. Super. 2018) (citations omitted). However, such "discretion is not unfettered." *Commonwealth v. Smith*, 955 A.2d 391, 395 (Pa. Super. 2008) (*en banc*) (citation omitted). This Court has suggested that in most cases, "[a] continuance is appropriate where the undisclosed statement or other evidence is admissible and the defendant's only prejudice is surprise." *Id.*

"In some cases, under some facts, it may be appropriate for a court to dismiss charges where the Commonwealth fails to abide by an order of that court." *Commonwealth v. Robinson*, 122 A.3d 367, 372 (Pa. Super. 2015) (citation omitted). However, "[t]he failure must involve a failure of justice or prejudice to a defendant to justify the discharge of a criminal action. When such interests are not involved, the offending party may be otherwise sanctioned without defeating the public interest." *Id.* (citation omitted).

As our Supreme Court has explained,

[d]ismissal of criminal charges punishes not only the prosecutor ... but also the public at large, since the public has a reasonable expectation that those who have been charged with crimes will be fairly prosecuted to the full extent of the law.  Thus, **the sanction of dismissal of criminal charges should be utilized only in the most blatant cases**.  Given the public policy goal of protecting the public from criminal conduct, a trial court should consider dismissal of charges where the actions of the Commonwealth are egregious and where demonstrable prejudice will be suffered by the defendant if the charges are not dismissed.

\* \* \*

While th[e Supreme] Court does not minimize the ethical and legal obligations of the prosecution to comply with lawful discovery requirements, where there is no evidence of deliberate, bad faith overreaching by the prosecutor intended to provoke the defendant into seeking a mistrial or to deprive the defendant of a fair trial, **the proper remedy for the Commonwealth's failure to disclose exculpatory materials should be less severe than dismissal**.

***Commonwealth v. Burke***, 781 A.2d 1136, 1144, 1146 (Pa. 2001)(emphasis

added and citations omitted).

Here, there was no evidence of record that the Commonwealth's

violation was intended to provoke Kennerly into seeking a mistrial or deprive

him of a fair trial.  ***See id.*** at 1146.  There was also no evidence that the

Commonwealth's actions were the result of deliberate misconduct or bad faith,

either in its failure to produce the video or in its witness's tardiness.  ***See*** N.T.,

12/12/19, at 4 (wherein the Commonwealth agrees with the trial court that

its witness should have been present when court started; the Commonwealth

and its officer had been calling the witness and the witness's manager

throughout the morning; and the victim had traveled to Philadelphia from his home in Pittsburgh in order to testify). There is no evidence of record that the video is exculpatory. *See Burke*, 781 A.2d at 1146 (discussing dismissal as an inappropriate remedy when the Commonwealth failed to disclose exculpatory evidence). Finally, Kennerly has demonstrated no prejudice, beyond surprise, in the Commonwealth's failure to disclose the video in a timely fashion. *See Commonwealth v. Yost*, 502 A.2d 216, 219 (Pa. Super. 1985) (stating that a continuance is an appropriate remedy where the undisclosed evidence is otherwise admissible and the defendant's only prejudice is surprise).

In light of the foregoing, we conclude that the trial court abused its discretion when it dismissed the case against Kennerly based on the Commonwealth's failure to produce the video, rather than utilizing the alternative remedies at its disposal under Rule 573(E).[2] *See Burke*, *supra*; *Robinson*, *supra*. Accordingly, we reverse and remand for proceedings consistent with this memorandum.

Order reversed and remanded. Jurisdiction relinquished.

---

[2] We note that our ruling in this matter is not intended to bar the trial court's discretion to revisit the drastic sanction of dismissal, should further proceedings reveal misconduct on the part of the Commonwealth that satisfies the standard our Supreme Court has established in *Burke*.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *4/7/2021*