COMMONWEALTH of Pennsylvania,
Appellant

v.

William SMITH.

Superior Court of Pennsylvania.

Argued Feb. 21, 2008.
Filed Aug. 6, 2008.

Mary L. Huber, Asst. Dist. Atty., for Com., appellant.

Daniel P. Aiva, Philadelphia, for appellee.

BEFORE: FORD ELLIOTT, P.J., STEVENS, ORIE MELVIN, BENDER, BOWES, GANTMAN, PANELLA, DONOHUE, and ALLEN, JJ.

OPINION BY FORD ELLIOTT, P.J.:

¶ 1 The Commonwealth appeals from the order entered August 18, 2005 in the Court of Common Pleas of Philadelphia County dismissing its case against William Smith ("Smith"). Smith was charged with aggravated assault, criminal mischief, fleeing police officers, possession of an instrument of crime, recklessly endangering another person, and simple assault[1] based upon an incident which occurred on August 21, 2004.

¶ 2 After multiple delays, Smith's trial was listed for July 26, 2005. On that date, the Commonwealth asked the court for a continuance to obtain additional statements made by the police officers involved in the incident to the police Internal Affairs Division ("IAD").[2] The continuance was granted along with an order which directed that all discovery be provided to the defense no fewer than ten days before the new trial date, August 18, 2005. The Commonwealth claims that it provided the officers' IAD statements by fax to Smith's counsel on August 10, 2005, eight days before trial. The defense argues that they received the statements by mail on August 13, 2005, five days prior to trial. Neither the Commonwealth nor defense counsel is claiming that the discovery was provided in accordance with the trial court's order.

¶ 3 At trial, on August 18, 2005, the defense objected to the admission of the IAD statements based upon the Commonwealth's failure to timely comply with the discovery order. The trial court precluded the statements finding that the Commonwealth's failure to timely disclose the statements to Smith's counsel was a willful disregard of the court's order and any effort made was without due diligence. (Notes of testimony, 8/18/05 at 7; trial court opinion, 2/6/07 at 1.) Defense counsel then argued that precluding these statements would prejudice Smith, as he could not fully cross-examine the officers. (*Id.* at 8–11.) The court ruled then that the officers would not be allowed to testify at trial. (*Id.* at 13.) Subsequently, the Commonwealth asked the court for 30 days to appeal its ruling; the trial court denied the request.[3] As the Commonwealth was not

---

1. 18 Pa.C.S.A. §§ 2702, 3304; 75 Pa.C.S.A. § 3733; 18 Pa.C.S.A. §§ 907, 2705, 2701 respectively.

2. As weapons had been discharged in the incident involving Smith, the officers were required to give statements to the police IAD. Due to the ongoing IAD investigation, the officers' statements were not available when the Commonwealth first provided discovery to Smith several months before trial.

3. We note that the Commonwealth was entitled to take an appeal from the trial court's ruling. *See* Pa.R.A.P. 311(d) (the Commonwealth may take an appeal from an order that

prepared to proceed to trial without the testimony of the officers and refused the trial court's suggestion to **nolle pros** the case without prejudice, the court dismissed the case. (*Id.* at 19–20.)

¶ 4 The Commonwealth filed a timely notice of appeal on September 19, 2005, and a concise statement of matters complained of on appeal on October 6, 2005. The Commonwealth filed its concise statement on its own accord without being ordered to do so by the trial court.[4] The trial court responded in an opinion on September 12, 2006.

¶ 5 Before we may reach the merits of the Commonwealth's appeal, we must first determine if its sole issue was preserved for appellate review pursuant Pa. R.A.P.1925(b). In its September 12, 2006 opinion, the trial court stated that the Commonwealth failed to set forth specific grounds for appeal in its Rule 1925(b) statement. (Docket No. D–5.) The issue as stated in the Commonwealth's Rule 1925(b) statement is as follows, "As stated in the Commonwealth's motion for reconsideration, did the lower court err in dismissing all charges against the defendant?"[5] (Docket No. D–4.)

¶ 6 It has been held that when the trial court directs an appellant to file a concise statement of matters complained of on appeal, any issues that are not raised in such a statement will be waived for appellate review. *Commonwealth v. Dowling,* 778 A.2d 683, 686 (Pa.Super.2001), citing

*Commonwealth v. Lord,* 553 Pa. 415, 418, 719 A.2d 306, 308 (1998). Similarly, when issues are too vague for the trial court to identify and address, that is the functional equivalent of no concise statement at all. *Id.* Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. *Commonwealth v. Lemon,* 804 A.2d 34, 37 (Pa.Super.2002). Thus, Rule 1925 is a crucial component of the appellate process. *Id.* "When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Id.,* citing *Dowling, supra.*

¶ 7 While we agree with the trial court that the Commonwealth's concise statement is vague, we nevertheless are able to properly reach the merits of this appeal. On December 4, 2006, the Commonwealth filed a motion to enforce Rule 1925(a) requesting that the trial court file an opinion setting forth its reasons for its order dismissing the case. The order was granted on January 2, 2007; thereafter, the trial court filed an opinion which meaningfully addressed the Commonwealth's arguments. As such, our review has not been hindered, and we will therefore turn to the merits.

¶ 8 In its brief, the Commonwealth presents one issue for this *en banc* panel's consideration,

Did the trial court abuse its discretion when it precluded the testimony of essential witnesses whose statements had

---

does not end the entire case where it certifies in good faith that the order will terminate or substantially handicap the prosecution).

4. Although the Commonwealth filed the Pa. R.A.P.1925(b) statement without being ordered to do so, this court has held that when the trial court relies upon the Rule 1925(b) statement filed, we will hold the party to the issues raised within that statement. *Com-*

*monwealth v. Giese,* 928 A.2d 1080, 1083 (Pa.Super.2007).

5. We do not condone the Commonwealth's incorporation by reference of its motion for reconsideration. A Rule 1925(b) statement should include a concise statement of each issue to be raised on appeal. *Commonwealth v. Castillo,* 585 Pa. 395, 403, 888 A.2d 775, 780 (2005).

been provided to defendant eight days prior to trial, and then discharged the case when the Commonwealth indicated that it intended to appeal that ruling? Commonwealth's brief at 4. We begin by noting that decisions involving discovery in criminal cases lie within the discretion of the trial court. *Commonwealth v. Rucci*, 543 Pa. 261, 283, 670 A.2d 1129, 1140 (1996), *cert. denied*, 520 U.S. 1121, 117 S.Ct. 1257, 137 L.Ed.2d 337 (1997). The court's ruling will not be reversed absent abuse of that discretion. *Id.*

¶ 9 The Commonwealth specifically claims that the trial court dismissed the case based upon its discovery violation in contravention of· the principles established in *Commonwealth v. Burke*, 566 Pa. 402, 781 A.2d 1136 (2001). The Commonwealth argues that this was a "grossly inappropriate" remedy for a simple discovery violation. (Commonwealth's brief at 12.) The trial court, however, states the case was dismissed not for a discovery violation but due to the Commonwealth's failure to proceed to trial. The court further explains that established statutory and case law supports its decision to preclude the statements and testimony based upon the Commonwealth's discovery violation. (Trial court opinion, 2/6/07 at 2.) After careful consideration, we agree with the trial court's finding that it did not dismiss this matter based upon a discovery violation; however, this is a distinction without a difference as the end result is the same. Although the trial court did not dismiss the charges against Smith due to the Commonwealth's failure to timely disclose the IAD statements, its equivalent was accomplished when the Commonwealth declined to proceed to trial without the testimony of the officers and suffered a dismissal of the charges as a result of failing to prosecute prior to the resolution of the issue on appeal.

¶ 10 Our supreme court has previously held that dismissal of charges against a defendant is an extreme and inappropriate sanction for the Commonwealth's failure to disclose certain evidence. *Burke, supra.* In *Burke*, the Commonwealth failed to provide the defense with a statement given to police by a co-conspirator. *Id.* at 407, 781 A.2d at 1139. It was not until trial that the defense realized that such a statement existed. *Id.* The trial court found that it was the Commonwealth's responsibility to provide this information to the defense prior to trial and as such, it had violated its discovery obligation. *Id.* at 408, 781 A.2d at 1139. The Commonwealth requested a continuance to allow the defense to review the materials. · *Id.* However, the trial court granted the defense's motion to dismiss all charges based upon prosecutorial misconduct. The trial court found that the Commonwealth was "grossly negligent" in failing to procure the statement earlier and make it available to the defense. *Id.* The trial court further held that the tardy disclosure violated the Commonwealth's due process obligation to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *Id.*

¶ 11 On appeal, this court reversed, finding that the Commonwealth was not grossly negligent and that dismissal was far too extreme a remedy. *Id.* at 409, 781 A.2d at 1140. Our supreme court then granted *allocatur* to determine whether and when dismissal is an appropriate sanction for a discovery violation. The supreme court found that due to the compelling societal interest in prosecuting criminal defendants to conclusion, the dismissal of charges is an extreme sanction that should be imposed sparingly. *Id.* at 416, 781 A.2d at 1144.

Dismissal of criminal charges punishes not only the prosecutor ... but also the

public at large, since the public has a reasonable expectation that those who have been charged with crimes will be fairly prosecuted to the full extent of the law. Thus, the sanction of dismissal of criminal charges should be utilized only in the most blatant cases. Given the public policy goal of protecting the public from criminal conduct, a trial court should consider dismissal of charges where the actions of the Commonwealth are egregious and where demonstrable prejudice will be suffered by the defendant if the charges are not dismissed.

*Id.,* quoting *Commonwealth v. Shaffer,* 551 Pa. 622, 628, 712 A.2d 749, 752 (1998). The court further found that the Commonwealth's failure to disclose the statement to the defense was not the result of deliberate misconduct. Thus, the supreme court held that while we should not minimize the ethical and legal obligations of the prosecution to comply with discovery requirements, "where there is no evidence of deliberate, bad faith overreaching by the prosecutor intended to provoke the defendant into seeking a mistrial or to deprive the defendant of a fair trial, the proper remedy for the Commonwealth's failure to disclose exculpatory materials should be less severe than dismissal." *Id.* at 419, 781 A.2d at 1146.

¶ 12 Based upon the principles enunciated in *Burke,* we find that the ultimate dismissal of the charges against Smith was an inappropriate result as it is clear from the record that the Commonwealth's violation was not intended to provoke Smith into seeking a mistrial or deprive him of a fair trial.

¶ 13 The remedies for a violation of discovery are set forth in Pa.R.Crim.P. 573(E).

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

¶ 14 Undoubtedly, the trial court was within its authority to preclude the officer's testimony based on the discovery violation; however, because this ruling resulted in the ultimate dismissal of the case, we are constrained to find an abuse of discretion.[6] The trial court possesses discretion in fashioning an appropriate remedy for a violation of the rules of discovery. *Burke, supra* at 415, 781 A.2d at 1143; *see also Commonwealth v. Crossley,* 439 Pa.Super. 342, 653 A.2d 1288 (1995). However, we must remember its discretion is not unfettered. *Id.* In most cases, ordering a continuance will be an adequate remedy. *Commonwealth v. Yost,* 348 Pa.Super. 297, 502 A.2d 216, 219 (1985). A continuance is appropriate where the undisclosed statement or other evidence is admissible and the defendant's only prejudice is surprise. *Id.*

¶ 15 Accordingly, we reverse and remand for proceedings consistent with this opinion.

---

**6.** We note that the Rule does not authorize an outright dismissal of the charges, except to the extent that the residual phrase, "or ... such other order as it deems just under the circumstances," could be said to encompass the extreme remedy of discharge. We in no way seek to set forth an exhaustive list of remedies available for discovery violations and leave to the discretion of the trial courts what remedies are available to vindicate their authority.

¶ 16 Order reversed and remanded. Jurisdiction relinquished.