J-A24042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DREW CARL BODDEN, | |
| Appellant | No. 236 EDA 2014 |

Appeal from the Judgment of Sentence August 15, 2013
in the Court of Common Pleas of Bucks County
Criminal Division at No.: CP-09-CR-0000865-2013

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 18, 2014**

Appellant, Drew Carl Bodden, appeals from the judgment of sentence imposed following his bench conviction of third-degree murder, involuntary manslaughter, recklessly endangering another person (three counts), homicide by vehicle, aggravated assault by vehicle (two counts), and related traffic offenses.[1] We affirm.

We summarize the most pertinent facts of the case, which stems from Appellant's involvement in a fatal traffic accident. On November 21, 2012, at approximately 6:30 p.m., Appellant was driving his Ford Mustang northbound on the Route 611 by-pass in Doylestown Township with his

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(c), 2504(a), 2705; 75 Pa.C.S.A. §§ 3732(a), 3732.1(a), 3736(a), 3361, and 3362(a)(3), respectively.

girlfriend as his passenger. There were no adverse weather conditions and traffic was relatively light. Appellant's vehicle had been modified to allow for increased speed, and on the night of the collision, he was driving at speeds ranging from 80 to 155 miles per hour (mph). (*See* N.T. Trial, 6/03/13, at 269-70; N.T. Trial, 6/04/13, at 90, 92, 252).

Appellant approached a vehicle driven by Peter Commons, who heard "what sounded like a racing engine" as Appellant's vehicle and a Cadillac Appellant appeared to be racing with passed by him. (N.T. Trial, 6/03/13, at 120). Both vehicles quickly disappeared out of Mr. Commons' view. The driver of the Cadillac, Jason McKnight[2], saw Appellant's car approach from behind at a high rate of speed. Mr. McKnight increased his speed to approximately 80 mph in order to pass four cars traveling in the right lane, and then moved his vehicle into the right lane to allow Appellant to pass. Appellant's vehicle sped by the Cadillac, and Mr. McKnight commented to his passenger, "Oh, my God, that car's going to hit the other [car]." (*Id.* at 151).

Appellant, while traveling in the left lane, collided into the back of a Honda SUV, which was driven by Suzanne Berry at a speed of approximately 55 mph. Ms. Berry's nine-year-old granddaughter, Holly Huynh, was a

---

[2] In his trial testimony, Mr. McKnight denied that he was racing with Appellant. (*See* N.T. Trial, 6/03/13, at 157).

passenger in her backseat. The trial court summarized the pertinent testimony presented at trial as follows:

> There was no braking before impact and the speed of Appellant's vehicle at that time was between 140-155 mph. The force of the collision was so explosive that Appellant's vehicle literally drove through the victim's vehicle, propelling the back seat of the victim's Honda CRV, up and into the front seat area, breaking the child's neck and either breaking or fracturing most of the bones in the child's body. The child was pronounced dead at the scene. The grandmother was trapped in the vehicle. Her injuries were so severe that she was thought to have expired at the scene. Fortunately, she survived but her injuries were so devastating that she remains unable to provide for any of her activities of daily living. A passenger in Appellant's vehicle also suffered a fractured ankle, fractured wrist, three fractured ribs, head injuries and a fractured sternum.

(Trial Court Opinion, 3/28/14, at 7).[3]

On June 3, 2013, Appellant proceeded to a bench trial. On June 5, 2013, the trial court found Appellant guilty of the above stated offenses. The court deferred sentencing and ordered preparation of a pre-sentence investigation (PSI) report. On August 15, 2013, the court sentenced Appellant to a term of not less than eight nor more than twenty-five years' incarceration. Appellant filed timely post-sentence motions, and the court held a hearing on the motions on November 1, 2013. On December 27,

---

[3] The Commonwealth also introduced evidence that, prior to the accident, Appellant had posted a blog in which he bragged about driving 130 mph and racing other vehicles. (*See* N.T. Trial, 6/04/13, at 6-8; Commonwealth's Exhibit C-49).

2013, the trial court entered an opinion and order denying Appellant's post-sentence motions. This timely appeal followed.[4]

Appellant raises one issue for our review: "Did the [trial] [c]ourt err in finding, beyond a reasonable doubt, that Appellant acted with malice, which is required for a conviction of third degree murder?" (Appellant's Brief, at 4). Specifically, Appellant contends that the Commonwealth failed to establish that he acted with malice because there was no proof that he had knowledge of and consciously disregarded an unjustifiable risk. (***See id.*** at 11, 15). He claims that the evidence instead demonstrates that he did not see the victims' vehicle until immediately before the crash, at which point he applied his brakes in an effort to avoid the accident. (***See id.***).

Before we may address the merits of Appellant's issue, we must determine whether he properly preserved it for our review. The Commonwealth contends that because Appellant failed to specify whether he is challenging the sufficiency or weight of the evidence, his issue is waived. (***See*** Commonwealth's Brief, at 29-31). We agree.

Rule 1925(b) provides, in relevant part:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial**

---

[4] Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on January 23, 2014. ***See*** Pa.R.A.P. 1925(b). The court filed a Rule 1925(a) opinion on March 28, 2014. ***See*** Pa.R.A.P. 1925(a).

**court.**—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

\* \* \*

(4) *Requirements; waiver.*

\* \* \*

(ii) The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge. The judge shall not require the citation to authorities; however, appellant may choose to include pertinent authorities in the Statement.

\* \* \*

(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(4)(ii),(vii).

This Court has stated "when issues [in a Rule 1925(b) statement] are too vague for the trial court to identify and address, that is the functional equivalent of no concise statement at all." ***Commonwealth v. Smith***, 955 A.2d 391, 393 (Pa. Super. 2008) (*en banc*) (citation omitted). Accordingly, "when an appellant fails to identify in a vague Pa.R.A.P. 1925(b) statement the specific issue he/she wants to raise on appeal, the issue is waived[.]" ***Commonwealth v. Lemon***, 804 A.2d 34, 38 (Pa. Super. 2002).

Here, Appellant's Rule 1925(b) statement raises the same vague issue that he presents in his Statement of Questions Involved: "The [c]ourt erred

in finding, beyond a reasonable doubt, that Appellant acted with malice, which is required for a conviction of third degree murder." (Rule 1925(b) Statement, 1/23/14, at 1). The trial court apparently interpreted this as a challenge to the weight of the evidence, and it addressed the weight claim in its Rule 1925(a) opinion. (*See* Trial Ct. Op., at 8-11). However, Appellant, in his brief, sets forth the scope and standard of review applicable to sufficiency of the evidence claims, and he argues that there was "insufficient evidence" to support a finding of malice. (Appellant's Brief, at 22; *see also id.* at 3, 43, 47). Appellant's post-sentence motions challenged both the sufficiency and weight of the evidence. Under these circumstances, we conclude that Appellant's Rule 1925(b) statement was impermissibly vague and inadequate to apprise the trial court of the specific argument he wished to raise before this Court. Accordingly, his issue on appeal is waived. *See* Pa.R.A.P. 1925(b)(4)(ii),(vii); *see also Smith*, *supra* at 393; *Lemon*, *supra* at 38.

Moreover, even if Appellant did not waive his issue on appeal, it would still not merit relief.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the

evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Cahill*, 95 A.3d 298, 300 (Pa. Super. 2014) (citations omitted).

The Pennsylvania Crimes Code defines third-degree murder as "[a]ll other kinds of murder" other than first or second-degree murder. 18 Pa.C.S.A. § 2502(c). "Murder in the third degree is an unlawful killing with malice but without the specific intent to kill." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1219 (Pa. Super. 2011) (citations omitted).

To convict an accused of third degree murder, the Commonwealth must prove that the accused killed another person with malice.

The elements of third degree murder, as developed by case law, are a killing done with legal malice but without specific intent to kill required in first degree murder. Malice is the essential element of third degree murder, and is the distinguishing factor between murder and manslaughter.

Malice under the law comprehends not only a particular ill-will, but every case where there is wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intending to be injured. Malice may be inferred from the attending circumstances of the act resulting in death. Otherwise stated, malice may be found where the defendant has consciously disregarded an unjustified and extremely high risk

- 7 -

that h[is] conduct might cause death or serious injury to another.

***Commonwealth v. Geiger***, 944 A.2d 85, 90 (Pa. Super. 2008), *appeal denied*, 964 A.2d 1 (Pa. 2009) (citations and quotation marks omitted). "Motor vehicle cases, where our appellate courts have sustained malice/murder convictions, all contain the element of sustained recklessness by the actor in the face of perceptible risk of harm to another person or persons who became victims." ***Commonwealth v. Scales***, 648 A.2d 1205, 1207 (Pa. Super. 1994), *appeal denied*, 659 A.2d 559 (Pa. 1995).

Here, the record reflects that, prior to the date of the accident, Appellant had modified his vehicle to allow for increased speed and that he had written a blog post in which he bragged about driving 130 mph and racing other vehicles. (***See*** N.T Trial, 6/03/13, at 269-71; Exhibit C-49).

The testimony presented at trial established that, on the evening of the accident, Appellant was driving his vehicle on a public roadway at speeds reaching 155 mph. (***See*** N.T Trial, 6/03/13, at 121; N.T. Trial, 6/04/13, at 90). Mr. Commons and another witness testified that they observed Appellant and the driver of the Cadillac, Mr. McKnight, racing their vehicles at high rates of speed. (***See*** N.T Trial, 6/03/13, at 121-22, 138-39). Mr. McKnight denied racing Appellant, and testified that he was driving at approximately 80 mph in the left hand lane when he noticed Appellant's vehicle approach from behind. (***See id.*** at 147-49, 157). Mr. McKnight moved into the right lane because he "thought [Appellant's] car . . . was actually going to run into the back of me." (***Id.*** at 156). Mr. McKnight

stated that Appellant was driving fast and "fl[ew] by me . . . like I was standing still." (***Id.*** at 149). Mr. McKnight then observed the victims' SUV traveling approximately 100 yards ahead in the left lane, and he said to his passenger "Oh, my God, that car's going to hit the other one." (***Id.*** 151; ***see also id.*** at 150). Appellant crashed into the victims' SUV, and Mr. McKnight testified that Appellant did not apply his brakes before impact and that the "brake lights and the impact were simultaneous." (***Id.*** at 152; ***see also id.*** at 158). The force of the collision was so great that Appellant's vehicle drove through the victims' vehicle, propelling the backseat into the front area, killing Holly Huynh and seriously injuring Suzanne Berry. (***See id.*** at 198, 219-20, 224, 226).

Appellant testified that he was concentrating on the roadway ahead of him and that he applied his brakes "milliseconds" before crashing into the victims' vehicle. (N.T. Trial, 6/04/13, at 281; ***see also id.*** at 272). However, Appellant acknowledged that he made a conscious choice to disregard the posted speed limit, and that he was aware of and disregarded the risk that he would cause an accident by driving at high speeds. (***See id.*** at 274, 279, 282).

Based on the foregoing, and viewing the evidence in the light most favorable to the Commonwealth, ***see Cahill***, ***supra*** at 300, we would conclude that Appellant's challenge to the sufficiency of the evidence does not merit relief. The record supports the trial court's determination that Appellant consciously disregarded an unjustified and extremely high risk that

driving at excessive speeds on a public roadway might cause death or serious injury to other drivers and passengers. ***See Geiger***, ***supra*** at 90; (***see also*** Trial Court Op., at 11). Accordingly, Appellant's issue on appeal would not merit relief, even if we did not find it waived.

Judgment of sentence affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 11/18/2014*