J-S40008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL REYES | : | |
| | : | |
| Appellant | : | No. 3358 EDA 2015 |

Appeal from the Judgment of Sentence October 21, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013835-2012,
CP-51-CR-0013836-2012

BEFORE:   OTT, DUBOW, JJ., and STEVENS, P.J.E.*

CONCURRING STATEMENT BY OTT, J.:         **FILED SEPTEMBER 18, 2017**

While I agree with the Majority to affirm the judgment of sentence, I write separately because I differ with the Majority's conclusion that the sufficiency and weight claims raised by the appellant, Angel Reyes, have been waived.  In my view, Reyes's Pa.R.A.P. 1925(b) statement was sufficient to preserve these claims, which were fully addressed by  the trial court, and I would conclude the trial court's analysis is dispositive.[1]

---

[1] On March 17, 2016, the trial court issued an order for a Pa.R.A.P. 1925(b) concise statement.  However, neither the certified record, the docket, nor the copy of the concise statement attached to Reyes's brief, indicate that the concise statement was filed of record.  Nevertheless, in its opinion, the trial court indicates Reyes filed a concise statement on April 7, 2016. Neither party takes issue with this statement. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 10, 2016.

---

*   Former Justice specially assigned to the Superior Court.

It is well-settled that when a trial court directs an appellant to file a Rule 1925(b) statement, the statement must "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). Indeed, this Court has found waiver where an appellant's concise statement is too vague to permit review. *Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015). Particularly, when an appellant challenges the sufficiency of the evidence,

> the [Rule] 1925(b) statement needs to specify the element or elements  upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a Rule] 1925(b) statement [ ] does not specify the allegedly unproven elements[,] ... the sufficiency issue is waived [on appeal].

*Id.*, *quoting* *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008) (quotation omitted). The same is true for a challenge to the weight of the evidence.  *See Commonwealth v. Freeman*, 128 A.3d 1231, 1248-1249 (Pa. Super. 2015).  Nevertheless, when our appellate review is not hindered by the defects in the concise statement, we have declined to find waiver.  *See Commonwealth v. Laboy*, 936 A.2d 1058 (Pa. 2007) (stating court can review issue despite vague Rule 1925(b) statement, where trial court readily apprehends appellant's claim and addresses it in substantial detail); *Commonwealth v. Smith*, 955 A.2d 391, 393 (Pa. Super. 2008) (*en banc*) (finding issues not waived despite vague Rule

1925(b) statement when the trial court "filed an opinion which meaningfully addressed the [appellant's] arguments.").

On appeal, Reyes frames his sufficiency and weight claims, as follows:

ii. Did the trial court err in finding [Reyes] guilty of the 3 counts of aggravated assault, where there was not sufficient evidence that [Reyes] intended to cause bodily [injury] or serious bodily injury, or that any injury occurred. Did the trial court err in finding [Reyes] guilty of possession with the intent to deliver (PWID) where there was not sufficient evidence [Reyes] possessed the controlled substances with the intent to sell a controlled substance. Did the trial court err in finding [Reyes] guilty of resisting arrest, where there was not sufficient evidence that the arrest was lawful.

iii. Did the trial court err in finding [Reyes] guilty of aggravated assault or resisting arrest as the verdict was against the weight of the evidence.

Reyes's Brief at 11.

In his Rule 1925(b) statement, Reyes claimed, *inter alia*, that "the Jury err[ed] in finding appellant guilty of Aggravated Assault (F1), two counts of Aggravated Assault (F2), Possession with the Intent to Deliver, and Resisting Arrest where there was insufficient evidence that appellant was guilty of each element of all of the crimes," and that "the Jury err[ed] in finding appellant guilty of A/A (F1), A/A (F2), A/A (F2), PWID, and R/A as the verdict was against the weight of the evidence." Reyes's Concise Statement, at 1. Reyes specified his sufficiency challenge was as to "each element of all the crimes" and enumerated the crimes at issue. His weight claim also identified the crimes at issue. Moreover, the trial court fully addressed both

- 3 -

claims in its opinion. **See** Trial Court Opinion, 11/10/2016, at 11-19. Consequently, I believe we are able to meaningfully review the sufficiency and weight issues presented in this appeal. **See Laboy, supra; Smith, supra**. Furthermore, I would find the trial court has provided a sound analysis, and I would rely on the trial court's opinion in rejecting these claims.

Therefore, I respectfully concur.