J-S03034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DWAYNE HOWARD | : | |
| | : | No. 630 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence August 25, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002307-2012

BEFORE:   BENDER, P.J.E., PANELLA, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MARCH 06, 2018**

Appellant, Dwayne Howard, appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County after he entered into an open guilty plea to charges of Possession with Intent to Deliver, 35 Pa.C.S.A. § 780-113(a)(30), and Intentional Possession of a Controlled Substance, 35 Pa.C.S.A. § 780-113(a)(16).  Raised for our consideration is whether the trial court abused its sentencing discretion in imposing an aggravated range sentence.  We affirm.

The trial court aptly sets forth the pertinent factual and procedural history of the case.

> On November 30, 2011, police officers set up surveillance in the area of 4901 Oxford Avenue in the city and county of Philadelphia for a narcotics investigation.  N.T. 1/5/2015 at 11.  On November 30, 2011, the police officers met with a confidential informant who called a phone number and asked the male voice for Percocet.  *Id*.

_____

*   Former Justice specially assigned to the Superior Court.

The confidential informant was provided with $100 of prerecorded money to make the purchase. *Id*. at 12. The officers observed [Appellant] exit from Apartment 16-A, enter into a black Ford 500, meet with the confidential informant, engage in a hand-to-hand transaction and return with ten Percocet pills. *Id*. The officers followed the black Ford 500 back to 4901 Oxford Avenue and observed [Appellant] exit the vehicle and enter [the] Apartment.

[On two more dates in early December, 2011, officers working surveillance observed Appellant sell Percocet pills to a confidential informant in a manner similar to that observed on November 30, 2011.]

On December 16, 2011, at approximately 4:40 p.m., officers executed a search and seizure warrant on the black Ford 500 and 4901 Oxford Avenue, Apartment 16-A. N.T. 1/5/2015 at 13. Officers recovered from the black Ford 500 an amber pill bottle containing 105 Oxycodone pills. *Id*. Officers also recovered 279 grams of cocaine, 8 grams of crack cocaine, and 279 grams of barbiturates. N.T. 8/25/16 at 18. The street value of these drugs [was] in excess of $14,000. *Id*.

On January 5, 2015, [Appellant] entered an open guilty plea to the charges of Possession with Intent to Deliver and Intentional Possession of a Controlled Substance. [Appellant] read, signed and discussed with counsel the plea agreement to plead guilty [to] the charges which carried a maximum penalty [of 15 years' incarceration] and a fine of $40,000. N.T. 1/5/15 at 6. . . . [Appellant] then fled the Commonwealth for over one year without notice or permission from the court.

On August 25, 2016, Appellant was sentenced to 7 to 14 [years' incarceration on the above convictions].

On September 8, 2016, [Appellant] moved for Modification of Sentence. On January 9, 2017, Appellant's Post-Sentence Motion was denied by operation of law and a Notice of Appeal to the Superior Court was filed on behalf of Appellant on January 31, 2017.

On March 1, 2017, Appellant filed a Motion for New Counsel. Denis Cogan, counsel for Appellant, filed a Motion to Withdraw as Counsel on March 23, 2017. On July 5, 2017, Appellant, through

new counsel Zak T. Goldstein, filed a Statement of Matters Complained of on Appeal.

Trial Court Opinion, filed 8/1/2017, at 1-4.

Appellant raises one issue for our consideration:

I.     [DID] THE TRIAL COURT ABUSE[] ITS DISCRETION IN IMPOSING AN EXCESSIVE, AGGRAVATED GUIDELINE RANGE SENTENCE?

Appellant's brief, at vi.

Appellant's claim challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). To reach the merits of a discretionary issue, this Court must determine:

whether the appeal is timely; (2) whether Appellant preserved [the] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted).

As the record confirms that Appellant filed a timely notice of appeal and post-sentence motion, we review Appellant's Pa.R.A.P. 2119(f) concise statement of reasons relied upon for allowance of appeal. In the concise statement, Appellant asserts, first, that the trial court abused its discretion in imposing a sentence that double-counts Appellant's prior record score and offense gravity score. We find this specific claim waived as Appellant raises it for the first time in his appellate brief. *See Commonwealth v. Mann*, 820

- 3 -

A.2d 788, 794 (Pa.Super. 2003) (noting our rules of appellate procedure provide "issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Appellant also asserts in his Rule 2119(f) statement that the trial court erred in confining its consideration of mitigation evidence to Appellant's post-offense rehabilitation when he presented other mitigation evidence at sentencing. Assuming, *arguendo*, that Appellant did not waive this issue by filing a vague, court-ordered Pa.R.A.P. 1925(b) statement claiming only "The court abused its discretion in imposing an unreasonable and excessive sentence,"[1] we find his sentencing claim does not present a substantial question for our review, as "this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." **Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. 2013) (citation omitted).

Even if Appellant's claim did present a substantial question, the trial court explained why, despite Appellant's mitigation proffer, an aggravated sentence was reasonable:

> The sentencing court had a duty to consider the need to protect the public, consider the gravity of the offense regarding its impact on the community, and the rehabilitative needs of the defendant. Appellant has been arrested for robbery, convicted of aggravated

---

[1] We decline to find waiver where the trial court's Rule 1925(a) opinion meaningfully addresses whether it abused its sentencing discretion by failing to consider properly Appellant's mitigation offer. As such, Appellant's vague Rule 1925(b) statement does not hamper judicial review. **See Commonwealth v. Smith**, 955 A.2d 391, 393 (Pa.Super. 2008).

assault, convicted of felony retail thefts, and narcotics violations in multiple counties within the Commonwealth. As the facts [in the present case] reflect, Appellant was caught with large amounts of varying narcotics whose street value exceeded $14,000. The offense presented a harmful threat to the community for two reasons: (1) the mobility of Appellant in committing offenses outside Philadelphia County; and (2) the volume of narcotics Appellant possessed that may have been distributed throughout the Commonwealth.

In considering the rehabilitative needs of Appellant, the sentencing court weighed an extensive felonious criminal history dating back to 1999 and an offender with little respect for due process of law through his fleeing the Commonwealth without notice to this court, the Office of the District Attorney, or even [his] own counsel.

\*\*\*

In sentencing Appellant to [an aggravated range sentence of] 7-14 years, the court took into consideration Appellant's 13 adult arrests, 7 conviction, 5 violations and one revocation. Further, [the court also considered the street value of the drugs recovered in the present case]. Lastly, the court considered the fact that Appellant absconded for one year after pleading guilty.

Defense counsel argues that Appellant's troubled childhood and extensive family support, medical condition, and continued sobriety were not properly acknowledged in weighing the sentence. These factors were considered, but were greatly outweighed by the above facts.

Trial Court Opinion, at 6-7.

A review of the sentencing hearing supports the court's opinion in this regard, as the court engaged in an extensive discussion with defense counsel and acknowledged that the defense had "put great effort in trying to show why pretty substantial mitigation should have been taking place in this case." N.T., 8/25/16 at 8. This effort was undermined considerably, however, by Appellant's pre-sentencing decision to cut off an ankle bracelet with an

electronic monitor and abscond from the jurisdiction after the court had refused the Commonwealth's request to revoke bail and placed Appellant on house arrest, the court noted. N.T., at 22-23. While Appellant did eventually check himself into a six-month rehabilitation program in Virginia, the court noted he did not do so until nearly one year after he had absconded, N.T., at 15, and his absconding was, in any event, an act of brazen disregard of the court's authority:

> I was struggling to accept some of [your defense team's] reasoning through mitigation. As the Commonwealth stated and I stated earlier to your counsel, any effort that they make, the hundreds of hours they might have put into this case, you have thrown out the window. You cut your bracelet.
>
> There are means which I could have put you in a drug treatment program in different prisons in the system. That would have given you treatment while you were there. But again, you threw that all away. You believed that you had the right to decide what you did and what you didn't do. And for that I don't see any mitigation. And for the reasons set forth by the Commonwealth and stated by me, I find a reason for aggravation in this case.

N.T., at 23-24.

Based on the foregoing, we find no merit to Appellant's claim of error. We therefore affirm the judgment of sentence imposed by the trial court.

Judgment of sentence is AFFIRMED.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:3/6/18