J-S61040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                  :             PENNSYLVANIA
                                  :
                v.                        :
                                  :
                                  :
CHARLES WHEELER                    :
                                  :
            Appellant          :     No. 1898 EDA 2017

Appeal from the Judgment of Sentence January 9, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010895-2015

BEFORE: BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.:              **FILED MAY 31, 2019**

Appellant, Charles Wheeler, challenges the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his convictions for first-degree murder and related offenses. We affirm.

The relevant facts and procedural history of this case are as follows. At around 1 p.m. on September 24, 2014, Gabriel Ortega and Rafael Cruz were driving around Philadelphia in Cruz's Ford Taurus when Appellant jumped out of a car driven by another man, and fired several gunshots into the Taurus. Ortega was struck in the arm; Cruz was fatally shot. The Taurus, veering out of control after Cruz was shot, hit a boy riding a bicycle before crashing into a parked car. Several witnesses observed the crash and attempted to render aid to Cruz. Ortega fled the scene. Police later located Ortega, and questioned him. He gave a statement and identified Appellant as the shooter from a photo array.

Appellant was apprehended and proceeded to a jury trial. The jury convicted him of first-degree murder, carrying a firearm without a license, carrying a firearm in Philadelphia, and possession of an instrument of crime. The court sentenced him to life imprisonment without parole. Appellant filed a post-sentence motion, which was denied. He thereafter filed a timely notice of appeal. This appeal is now properly before us.

On appeal, Appellant first claims the Commonwealth committed a discovery violation by failing to notify him that a witness would identify Appellant as the cousin of a local drug dealer. He believes the trial court should have awarded him a new trial. We disagree.

"We begin by noting that decisions involving discovery in criminal cases lie within the discretion of the trial court." *Commonwealth v. Smith*, 955 A.2d 391, 394 (Pa. Super. 2008) (citation omitted). Where a discovery violation occurs, the trial court has broad discretion in determining an appropriate remedy. *See Commonwealth v. Brown*, 200 A.3d 986, 993 (Pa. Super. 2018). We will not reverse the court's ruling absent an abuse of that discretion. *See Smith*, 955 A.2d at 394.

An appellant seeking relief from a discovery violation is required to establish prejudice. *See Commonwealth v. Causey*, 833 A.2d 165, 171 (Pa. Super. 2003). "[A]n appellant must demonstrate how a more timely disclosure would have affected his trial strategy or how he was otherwise prejudiced by the alleged late disclosure." *Id*. (citation omitted). And, even if proven, a discovery violation does not automatically entitle an appellant to a new trial.

*See id*. Rather, the court may grant a continuance, prohibit the introduction of previously undisclosed evidence, or enter "such other order as it deems just under the circumstances." Pa.R.Crim.P. 573(E).

At trial, Vanessa Suarez testified that her fiancé, Cruz, and A.J., a rival drug dealer, had engaged in a shootout the night before Cruz's death. She stated that A.J.'s cousin, Appellant, was also in the car on the night of the shootout. *See* N.T. Trial, 1/5/17, at 123. Appellant's counsel objected. *See id*.

At sidebar, Appellant's counsel told the court he had not been informed that Suarez would testify Appellant was present during the previous incident. *See id*., at 124. The court determined the Commonwealth failed to inform Appellant's counsel of this portion of Suarez's testimony, but determined the Commonwealth had not deliberately withheld the information and so declined to grant a mistrial. *See id*., at 133. Instead, the court struck the identification from the record, and issued a cautionary instruction to the jury. *See id*., at 143.

Here, Appellant does not plead, much less prove, prejudice. Appellant baldly complains he was deprived of the ability to adequately prepare for trial, due to the Commonwealth's failure to inform him that Suarez would identify him as present during a prior shooting. *See* Appellant's Brief, at 12. However, he utterly fails to explain how a timely disclosure of this information would have altered his trial strategy. Further, the court struck the offending testimony from the record, and issued a cautionary instruction. *See*

- 3 -

*Commonwealth v. Traviglia*, 28 A.3d 868, 882 (Pa. 2011) (holding "it is well established that a jury is presumed to follow a court's instructions"). Appellant is unable to demonstrate he was prejudiced by this untimely revelation. Therefore, he is due no relief on this claim.

Appellant next[1] complains of prosecutorial misconduct, arguing the Commonwealth improperly referred to Suarez's stricken testimony in its closing argument.

"With specific reference to a claim of prosecutorial misconduct in a closing statement, it is well settled that in reviewing prosecutorial remarks to determine their prejudicial quality, comments cannot be viewed in isolation but, rather, must be considered in the context in which they were made." *Commonwealth v. Judy*, 978 A.2d 1015, 1019 (Pa. Super. 2009) (citation and internal quotation marks omitted). Our focus is on whether a defendant received a fair trial, not a perfect one. *See Commonwealth v. Jaynes*, 135 A.3d 606, 615 (Pa. Super. 2016). A mistrial is not required where cautionary instructions adequately overcome prejudice. *See Commonwealth v. Cash*, 137 A.3d 1262, 1273 (Pa. 2016).

We note that a prosecutor's comments do not themselves constitute evidence. *See Commonwealth v. Fletcher*, 861 A.2d 898, 916 (Pa. 2004). "Comments by a prosecutor constitute reversible error only where their unavoidable effect is to prejudice the jury, forming in the jurors' minds a fixed

---

[1] We have reordered Appellant's second and third issues for ease of disposition.

bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a fair verdict." ***Commonwealth v. Bryant***, 67 A.3d 716, 727 (Pa. 2013) (citation omitted). "The appellate courts have recognized that not every unwise remark by an attorney amounts to misconduct or warrants the grant of a new trial." ***Jaynes***, 135 A.3d at 615 (citation omitted). This Court will not find prosecutorial misconduct where counsel's comments constitute mere oratorical flair. ***See Commonwealth v. Culver***, 51 A.3d 866, 876 (Pa. Super. 2012).

The discussion during the Commonwealth's closing argument proceeded as follows:

> [Counsel for the Commonwealth]: Ladies and gentlemen, there's one thing that I just heard in [Appellant's counsel's] closing argument that I just can't -- I have to address it first. I had some things laid out I wanted to speak to you about, but there's one thing [Appellant's counsel] just mentioned. He mentioned the statement of Ms. Vanessa Suarez. How Ms. Suarez didn't mention in her statement that she knew [Appellant] to be the cousin of AJ, the guy that ran the block."
>
> [Appellant's counsel]: Objection. That is not what I just indicated in the statement and not what the statement reflects.
>
> [The court]: It's argument. It's for the jury to determine.
>
> [Counsel for the Commonwealth]: I know each and every one of you were listening, he put the statement up on the screen and said Vanessa Suarez never mentioned anything about the cousin being there.
>
> Well, ladies and gentlemen, you can't have it both ways. People know [Appellant], Vanessa Suarez knows [Appellant] as the cousin. But they wanted to keep that out and make the argument to you at the end that it's not in the statement. Well, keep that in your mind as you go through your deliberation in this case.

Because all along it's been the contention that [Appellant] works for AJ. He's the muscle, he's the cousin as some people know him as, as Vanessa Suarez knows him as, and he is the killer. Now, I told you –

[Appellant's counsel]: I'm going to object to that again for the same reason.

[The court]: All right. Move on.

N.T. Trial, 1/6/17, at 183-184.

Appellant's counsel then asked for a sidebar, where he renewed his objections to this and other statements made in the Commonwealth's closing. He requested a mistrial. Counsel for the Commonwealth argued that Appellant's counsel had opened the door when he suggested Vanessa Suarez identified someone else as AJ's cousin. The court ultimately denied the motion for a mistrial, but issued this cautionary instruction to the jury:

Just remember what I said at the beginning of the trial about objections. When I sustain an objection, you have to disregard it. There is mention about Ms. Suarez making an identification of [Appellant] as a cousin and that's not something you are to consider. So when I sustained it in closing arguments you can't think about the last thing that was just discussed.

*Id*., at 220.

Again, Appellant fails to demonstrate prejudice such that jurors were unable to render a fair verdict. *See Bryant*, 67 A.3d at 727. The court issued a cautionary instruction, telling jurors they were not to consider Ms. Suarez's identification. The court also repeatedly reminded the jury that statements from either attorney were not to be considered evidence. *See* N.T. Trial, 1/4/17, at 15, 18; N.T. Trial, 1/5/17, at 6; N.T. Trial, 1/6/17, at 167. The law

presumes the jury follows the court's instructions. ***See Traviglia***, 28 A.3d at 882. Consequently, Appellant's second claim fails.

Finally, Appellant claims further prosecutorial misconduct occurred in the following statement made during closing argument:

> [Counsel for the Commonwealth]: There was no second shooter. There was no second shooter. Nobody suggested that, nobody that called 9-1-1 from the calls you heard, Tashina Moody, Gabriel Ortega, nobody says there's a second shooter.
>
> In fact, there was only one guy on a bike. And you heard from him, it was Anthony Melendez, who had nothing to do with this homicide, but happen[ed] to be riding his bike on Cambria Street when Mr. Cruz unfortunately loses control because he's been shot because his bullet ripped through his left lung and heart and can't stop the car and it hits Anthony Melendez. That's how you know Khalil Henderson is lying and detectives aren't forcing him to give information which we already know is wrong.
>
> Oh, by the way, the streets talk. And Mr. Henderson, there was no release of statements at this time because there had been no arrest of [Appellant]. Detectives told you the investigation was ongoing. So the only way he would have heard who did the murder, the only way he would have heard the details about it is because the streets talk.
>
> And who better to know who the real killer was? Who better than the guy that sells on the block next to where they were fighting? Who better than Khalil Henderson to have heard these rumors. What I suggest aren't in the rumors are the truth, there are people in the neighborhood who know it and saw it and don't want to come forward.
>
> [Appellant's counsel]: I would object.
>
> [The court]: Sustained. Strike that last part.

N.T. Trial, 1/6/17, at 202-203.

The court then instructed the jury, "In determining the facts, you are to consider only the evidence which has been presented in court and the logical inferences which have derived from that evidence. You're not to rely on supposition or guess on any matters that are not in evidence." N.T. Trial, 1/6/17, at 217.

Again, Appellant fails to make any showing that the jury could not render a fair verdict based on this statement.[2] The court immediately granted Appellant's counsel's objection, and struck the offending statement. The court then reminded the jury that statements made by counsel were not evidence, and that the jury should not consider anything outside of matters in evidence. Thus, any possible prejudice resulting from this statement was cured by the court's instructions. Appellant is due no relief. Accordingly, we affirm his judgment of sentence.

Judgment of sentence affirmed.

---

[2] Appellant's brief, three-paragraph argument sets forth authority for the proposition that some instances of prosecutorial conduct cannot be remedied by cautionary instructions. However, he makes no effort to show how the comment that the "streets talk" is comparable to the misconduct in the cited authorities. As such, this issue is arguably waived as being undeveloped. *See Commonwealth v. McDermitt*, 66 A.3d 810, 814.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/31/19</u>