J-S37004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LYNNETTE C. NORMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LINWOOD H. NORMAN | : | |
| | : | |
| Appellant | : | No. 969 EDA 2021 |

Appeal from the Order Entered April 19, 2021
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s): 2010V7235

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED FEBRUARY 22, 2022**

Linwood H. Norman appeals from the Final Protection from Abuse ("PFA") Order entered, at the behest of his sister, Lynette, on April 19, 2021. Linwood and Lynette lived together in Lynette's home until a physical altercation occurred on September 5, 2020. *See* N.T. 4/19/2021 at 11. Lynette later filed a Petition for Protection from Abuse on October 28, 2020. A Temporary PFA Order was entered that day. A hearing was held on April 19, 2021, at which time the trial court found that Lynette had met her burden of proof by showing that abuse had occurred and granted the PFA Petition. *See id*. at 43. A Final PFA Order was entered that day and is set to expire on April 18, 2022.

_____

[*] Former Justice specially assigned to the Superior Court.

Both parties appeared *pro se* at trial. Appellant filed a *pro se* motion to reconsider, which was denied. Appellant then retained counsel for appeal. Appellant's counsel filed a Notice of Appeal and then, following the court's Order, a Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal.

Appellant's Pa.R.A.P. 1925(b) Statement outlined four points of issue to be raised on appeal. We include the issues here, as they are important to our analysis:

1. This Court erred and/or abused its discretion in granting the Petition for Protection of Abuse filed by Plaintiff in this matter and entering a Final Protection from Abuse Order in accordance therewith on April 19, 2021.

2. This Court erred and/or abused its discretion in granting the Petition for Protection of Abuse filed by Plaintiff in this matter and entering a Final Protection from Abuse Order in accordance therewith on April 19, 2021, since the facts, evidence and record in this matter do not warrant the grant of the subject Petition and entry of the subject Order of Court, and in light of the applicable statutes and/or case law.

3. This Court erred and/or abused its discretion in granting the Petition for Protection of Abuse filed by Plaintiff in this matter and entering a Final Protection from Abuse Order in accordance therewith on April 19, 2021, since the facts, evidence and record in this matter do not support a finding that Defendant committed acts of abuse as defined in 23 Pa. C.S.A. Section 6102.

4. This Court erred and/or abused its discretion in granting the Petition for Protection of Abuse filed by Plaintiff in this matter and entering a Final Protection from Abuse Order in accordance therewith on April 19, 2021, since the facts, evidence and record in this matter do not support a finding that Plaintiff was in reasonable fear of imminent serious bodily injury.

Statement of Errors Complained of on Appeal, 6/8/2021.

The trial court addressed Linwood's issues in its Pa.R.A.P. 1925(a) Opinion. The court found that Linwood had waived the first three issues

presented. **See** Trial Court Opinion, 7/14/2021 at 5. Relying on Pa.R.A.P. 1925(b)(4)(ii), the court found Appellant's first three issues so vague that the court could not discern Linwood's intended arguments on appeal. **See id**. at 6-8. Despite finding waiver of these issues, the trial court noted that Linwood did reference a correct statute in his third issue and guessed that he was attempting to make a sufficiency of the evidence claim. **See id**. at 8.

The court assumed Linwood intended to argue the evidence was not sufficient to establish that he committed abuse as defined at 23 Pa.C.S.A. § 6102(a). **See id**. at 9. The court explained that based on the evidence presented at trial of a physical fight in which Linwood threw Lynette into a wall and Lynette sustained injuries, the court found that Linwood intentionally caused Lynette to sustain bodily injury as defined in 23 Pa.C.S.A. § 6102(a). **See id**. at 10. The court did not find Linwood's conflicting evidence to be credible and did find Lynette's corroborating evidence to be credible. **See id**. at 11. The court found Linwood's fourth issue to be moot as it relied on a separate definition of abuse from the one the underlying the court's finding. **See id**. at 12.

Linwood's brief reiterated the issues from his 1925(b) Statement in his Statement of the Questions Involved section. **See** Appellant's Brief at 4. However, in the Argument section of his brief, Linwood chose only to address his sufficiency of the evidence argument as alluded to in his third issue from his Pa.R.A.P. 1925(b) Statement and his Statement of the Questions Involved. **See id**. at 10-13. Then, Linwood's brief veers into an argument not presented

in either his Pa.R.A.P. 1925(b) Statement or his Statement of the Questions Involved. ***See id***. at 13-15. Appellant frames this argument as a separate subsection of his Argument section labeled:

> B. The Trial Court erred as a matter of law and/or abused its discretion in granting the Petition for Protection of Abuse and entering a Final Protection from Abuse Order, since the facts, evidence and record in this matter do not warrant the grant of the subject Petition and entry of the subject Order of Court to bring about a cessation of abuse pursuant to 23 Pa.C.S.A. § 6108.

Appellant's Brief at 13.

The trial court's determination that Linwood's first three issues in his Pa.R.A.P. 1925(b) Statement are waived is supported by Pa.R.A.P. 1925(b)(4)(ii). ***See Commonwealth v. Tyack***, 128 A.3d 254, 260 (Pa. Super. 2015). However, because the trial court chose to address Linwood's sufficiency of the evidence argument, we will address it. ***See Commonwealth v. Smith***, 955 A.2d 391, 393 (Pa. Super. 2008) (*en banc*).

First, we note that when reviewing a PFA Order we examine the legal conclusions made by the trial court looking for an error of law or abuse of discretion. ***See K.B. v. Tinsley***, 208 A.3d 123, 127 (Pa. Super. 2019). When faced with a challenge to the sufficiency of the evidence to issue a PFA Order we view the evidence in the light most favorable to the petitioner and give them the benefit of all reasonable inferences drawn from that evidence. ***See S.W. v S.F.***, 196 A.3d 224, 228 (Pa. Super. 2018). We must determine whether the evidence, viewed in this light, was sufficient to sustain the trial

court's finding that the petitioner showed, by a preponderance of the evidence, that abuse occurred. *See id.*

Here, Linwood argues that the evidence is not sufficient to establish he committed abuse as defined in the PFA Act, 23 Pa. C.S.A. § 6102. The PFA Act defines abuse as:

> The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:
>
> (1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.
>
> (2) Placing another in reasonable fear of imminent serious bodily injury.
>
> (3) The infliction of false imprisonment pursuant to 18 Pa.C.S. § 2903 (relating to false imprisonment).
>
> (4) Physically or sexually abusing minor children, including such terms as defined in Chapter 63 (relating to child protective services).
>
> (5) Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. The definition of this paragraph applies only to proceeding commenced under this title and is in applicable to any criminal prosecutions commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S.A. § 6102(a).

The trial court found that Linwood committed abuse as defined in 23 Pa.C.S.A. § 6102(a) under subsection for (1) for the definition of abuse,

determining that Appellant intentionally committed abuse causing Appellee bodily injury. **See** Trial Court Opinion, 7/14/21, at 11. Bodily injury is defined as "impairment of physical condition or substantial pain." 18 Pa.C.S.A. §2301.

Here, the trial court found the testimony of Lynette and her girlfriend to be "credible, consistent and corroborated by the physical evidence". **See** Trial Court Opinion, 7/14/21, at 11. Lynette testified that Linwood threw her into a wall in her room. **See** N.T. 4/19/2021 at 13-14. While she did not seek treatment for her injuries, she stated that she suffered bruising on her arms and general soreness from being thrown into the wall. **See id**., at 15. The altercation left a dent in her wall and a crack in her doorframe. **See id**., at 17.

In evaluating a sufficiency of the evidence of claim we defer to the determinations made by the trial court regarding the credibility of witnesses. **See K.B. v. Tinsley**, 208 A.3d 123, 128 (Pa. Super. 2019). The trial court here has left no question that it found Lynette and her witness credible and we have no discretion to re-weigh the evidence. **See id**. at 129.

Finally, we must note that we are not able to consider Linwood's argument regarding 23 Pa.C.S.A. § 6108 that the PFA Order was not necessary for the cessation of the abuse. Linwood did not raise this issue in his Pa.R.A.P. 1925(b) Statement and did not present or suggest it in his Statement of Questions Involved, therefore we are unable to consider it. **See** Pa.R.A.P. 2116(a); **see also Thomas v. Elash**, 781 A.2d 170, 176-77 (Pa. Super. 2001).

Even if we were able to consider this argument, it lacks merit. Appellant attempts to argue that the Final PFA Order was unnecessary to stop the abuse because the abuse cited was a one-time incident. ***See*** Appellant's Brief, at 13-14. Abuse under the Protection from Abuse Act as defined in 23 Pa.C.S.A. § 6102(a) can be a course of conduct characterized by repeated acts, but it can also be a single instance of causing bodily injury or even the creation of fear of imminent injury. ***See Miller on Behalf of Walker v. Walker***, 665 A.2d 1252, 1255-1258 (Pa. Super. 1995).

As Linwood has failed to establish that the court erred in granting the PFA petition, we affirm the order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2022