J-A09006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SUZANNE K. SMITH | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ADRIAN HAGGINS, | : | |
| | : | |
| Appellant | : | No. 2985 EDA 2018 |

Appeal from the Order Entered, September 24, 2018,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  180500775.

BEFORE:   KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED MARCH 15, 2019**

Adrian Haggins appeals *pro se* from the trial court's order granting the motion to release escrow funds filed by Suzanne K. Smith.  We quash.

The trial court summarized the pertinent facts and procedural history as follows:

> [Smith] commenced this Landlord/Tenant action in the Philadelphia Municipal Court.  After a trial, the Municipal Court Judge entered a money judgment and a judgment of possession in favor of [Smith].
>
> [Haggins] appealed to the Philadelphia Court of Common Pleas and requested supersedeas pursuant to Philadelphia Local Rule 1008.  Supersedeas was granted, and [Haggins] commenced making payments to the Office of Judicial Records.  This payment represented a portion of the rent due [Smith] and stayed, pending resolution of the appeal, any ejectment allowed under the decision in Municipal Court.

_____

*   Retired Senior Judge assigned to the Superior Court.

[Smith] filed a Complaint and served a copy on [Haggins]. [Haggins] failed to file a responsive pleading. [Smith] sent [Haggins] a ten day notice of intention to enter a judgment by default. After [Haggins] failed to file a responsive pleading, [Smith] filed a Praecipe to Enter Judgment by Default for Money and Possession. [Haggins] filed a Petition to Open the Default Judgment, which was denied. [Haggins did not appeal this decision to this Court].

[Smith] subsequently filed the Motion at issue herein, requesting release of the funds deposited by [Haggins] with the Office of Judicial Records. [Haggins] did not file a response to this Motion. This court granted [Smith's] uncontested Motion by Order dated September 24, 2018. [Haggins] filed the instant appeal.

This court issued a [Pa.R.A.P.] 1925(b) Order, docketed on October 12, 2018, which required [Haggins] to file a concise statement of [errors] complained of on appeal within twenty-one days of the docketing of the Order. To date, [Haggins] has not filed the required concise statement.

Trial Court Opinion, 11/14/18, at 1-2 (footnote omitted).

Haggins raises twelve issues on appeal. *See* Haggins' Brief at 2. Before considering these claims, we must first determine whether any of them are properly preserved for review.

In her brief, Haggins acknowledges that she has not complied with the trial court's Pa.R.A.P. 1925(b) order. *See* Haggins' Brief at 5. When ordered by the trial court, an appellant must file a timely concise statement of errors complained of on appeal. *Hess v. Rothschild*, 925 A.2d 798, 803 (Pa. Super. 2007). We must follow the bright-line rule that "failure to comply with the court order will result in *automatic waiver* of all issues on appeal." *Greater Erie Indus. Development Corp. v. Presque Isle Downs*, Inc., 88 A.3d

222, 224 (Pa. Super. 2014) (quoting **Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005)).

The purpose for a litigant's compliance with Pa.R.A.P. 1925 is to aid trial courts in identifying and focusing on issues that the parties plan to raise on appeal. **Commonwealth v. Smith**, 955 A.2d 391,393 (Pa. Super. 2008) (*en banc*). Here, the trial court was unable to do so:

> In that a default judgment had been entered, a Petition to open the default had been denied, and no appeal had been filed, this Court is unclear as to what error she contended the court had committed.

Trial Court Opinion, 11/14/18, at 2. Thus, all twelve issues Higgins listed in her brief are waived; because she did not let the trial court address them first. The role of Superior Court is to review the decision of the trial courts. Here, we have nothing to review.

Additionally, Haggins' *pro se* brief does not even remotely comply with the Rules of Appellate Procedure. **See** Pa.R.A.P. 2111; 2114-2119. The fact that she is choosing to represent herself in this matter affords her no special privileges. **See O'Neill v. Checker Motors Corp.**, 567 A.2d 680, 682 (Pa. Super. 1989). Our rules provide that if defects in the brief are substantial, the appeal may be quashed or dismissed. Pa.R.A.P. 2101; **see also Commonwealth v. Sanford**, 445 A.2d 149 (Pa. Super. 1982).

In sum, because Haggins failed to file a 1925(b) statement of errors complained of on appeal and failed to file a brief that complies with the Rules of Appellate Procedure, effective appellate review has been hampered.

***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942 (Pa. Super.

2006). Thus, we quash this appeal and remove the case from the oral

argument list.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/15/19